0067

Eleanor R. COOKSEY, Respondent, v. Edison M. COOKSEY,
Appellant.

(312 S. E. (2d) 581)

Court of Appeals

*Ronald W. McKinney* and *John B. Duggan,* of *Edwards, Duggan & Reese,* Greer, *for appellant.*

*H. Michael Spivey,* Mauldin, *for respondent.*

Feb. 10, 1984.

*Per Curiam:*

In this divorce action initiated by Mrs. Cooksey, Mr. Cooksey appeals from the provisions of the family court's order distributing the marital property and awarding Mrs. Cooksey attorney's fees of $250. We affirm in part and reverse in part and remand.

Mrs. Cooksey petitioned for a divorce, alimony, attorney's fees and an equitable division of the property. Mr. Cooksey

counterclaimed for a divorce; an equitable distribution of the marital assets; an award of his inheritance of $22,711.67; the imposition of a resulting or constructive trust upon Florida real property titled in his wife's name, or its proceeds; and an accounting for and division of the proceeds of their joint bank accounts.

The family court granted Mrs. Cooksey a divorce on the ground of a year's separation. In effecting an equitable distribution of the marital property, the court ordered that the two marital homes be sold and the proceeds shared equally. The court also found that Mr. Cooksey was entitled to a $10,000 equitable interest in the proceeds from the sale of the Florida realty which had been titled in Mrs. Cooksey's name alone. Finding Mrs. Cooksey to be entitled to reimbursement of $7,746, the court ordered that Mr. Cooksey's $10,000 interest in the Florida realty proceeds be offset by this amount. Mrs. Cooksey also was awarded attorney's fees of $250. The court found that Mr. Cooksey, however, was not entitled to recoup his $22,711.67 inheritance from his father's estate.

We first review Mr. Cooksey's assertion that the family court erred in awarding him only a $10,000 equitable interest in the proceeds from the sale of the Florida real property. He contends that the evidence clearly shows he was entitled to a greater share in the property based on his contributions to its acquisition. We agree.

Generally, in determining the proper portion of marital property that is owned in equity by each spouse, the family court must weigh the relative incomes and material contributions of the parties. *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982); *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978). Though enunciated in special equity cases, this principle applies with equal validity to equitable distribution actions.

A review of the evidence clearly establishes that Mr. and Mrs. Cooksey's relative incomes and material contributions to the acquisition of the marital property were at least equal. During the 10-year marriage, the parties worked together driving a long distance tractor-trailer truck. From their joint earnings, they bought a 10-acre tract of land in Florida. The $4,072 down payment was made with a check drawn on their joint account. The property was titled in both their names.

When they sold five acres of the tract, they used part of the money to retire the mortgage on the land and deposited the remainder in their joint account.

Thereafter, the Cookseys placed title to the remaining five acres in Mrs. Cooksey's maiden name. Mr. Cooksey claims this was done to prevent a creditor from securing a lien on the property. Mrs. Cooksey asserts the property was transferred to her as a gift to defeat the future inheritance claim of Mr. Cooksey's son. In any event, Mrs. Cooksey sold the property for $33,500. She accepted a mortgage of $25,100 and received the remainder of the purchase price in cash. She deposited the cash proceeds in a joint account.

After the Cooksey's separation, Mrs. Cooksey received an interest payment of $2,384.50 on the mortgage. Later, she sold the mortgage for $22,000. Mrs. Cooksey refused to share any of this amount with Mr. Cooksey.

Based on this evidence, the family court awarded Mr. Cooksey a $10,000 equitable interest in the proceeds from this property totaling $24,384.50. It then subjected his interest to a $2,000 offset in repayment to Mrs. Cooksey of one-half the down payment for purchase of the land, which the court found Mrs. Cooksey to have made from her separate funds.

In an equity action, tried by a judge alone, we may determine the facts in keeping with our view of the preponderance of the evidence. *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983). We find from the preponderance of the evidence that Mr. Cooksey's contribution to the acquisition and maintenance of this Florida property was at least equal to that of Mrs. Cooksey. Thus, we hold that he was entitled to receive one-half of the proceeds from its sale, or $12,192.25.

Nor do we find merit in Mrs. Cooksey's contention that the land and its proceeds should be hers solely because it was given to her as a gift by Mr. Cooksey. We find credible, as did the family court, Mr. Cooksey's testimony that he transferred title to Mrs. Cooksey to prevent the attachment of a creditor's lien. Thus, there was no intent on his part to make a gift to Mrs. Cooksey. Even if we grant, however, that a gift was made, interspousal gifts are subject to equitable distribution upon the dissolution of the marriage. *Burgess v. Burgess, supra.*

In addition, we find from the preponderance of the evidence that Mrs. Cooksey did not make the down payment for purchase of the land from her separate funds. Mrs. Cooksey admitted on cross-examination that both the initial payment and subsequent monthly payments were all made from joint funds. Thus, the court erred in requiring Mr. Cooksey to pay Mrs. Cooksey $2,000 as reimbursement for one-half the down payment of $4,072.

Although the family court did not give specific reasons to support its unequal distribution of the proceeds from the sale of the Florida land, Mr. Cooksey asserts that it is clear from the record that the court sought to penalize him for alleged "economic misconduct." This "conduct" consisted of transferring the property to Mrs. Cooksey to evade a creditor's claim. There is support for Mr. Cooksey's assertion in the language of the order. The court stated:

> ... I am particularly disturbed by [Mr. Cooksey's] blatant attempt to avoid a creditor. I do find that [he] had an equitable interest ... of $10,000.00. I feel that this is a fair figure due to the conduct of the parties. ...

Assuming economic misconduct against a third person was shown, the appellate courts of this State have never recognized it as a factor to be considered in determining the equitable distribution of marital property. *See Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Barden v. Barden, supra.* We see no reason why conduct directed against a person unconnected with the marriage which in no way diminishes the marital property should be relevant to equitable distribution. We therefore find error in the court's consideration of Mr. Cooksey's "economic misconduct."

We next consider Mr. Cooksey's contention that the court erred by abdicating its responsibility to determine whether Mrs. Cooksey should be made to account for joint funds Mr. Cooksey alleged she secreted in anticipation of the dissolution of the marriage. Again, we find merit in Mr. Cooksey's contention.

The parties presented voluminous testimony on the issue of the secreting of marital funds. The court's order, however, simply states:

Due to the fact the parties were living together and due to the fact that it is questionable whether or not [Mr. Cooksey] knew of these transfers, I feel this court should not become involved in trying to work out this question.

As Mr. Cooksey points out, the very purpose of a court is to decide disputed issues of fact raised by the pleadings and the evidence and reach legal conclusions based thereon.

The courts of other jurisdictions have held that a spouse who removes or secretes marital property in contemplation of divorce is required to either account for it or have some part of its value charged against that spouse's share of the marital property. *Carter v. Carter,* 616 S. W. (2d) 543 (Mo. App. 1981); *In re Marriage of Huth,* 437 N. E. (2d) 1042 (Ind. App. 1982). Likewise, in *Clinkscales v. Clinkscales,* 275 S. C. 308, 270 S. E. (2d) 715 (1980), the South Carolina Supreme Court held that the appellant-husband in that case was entitled to the return of half the funds his wife had removed from a joint account prior to their separation. On remand of this case, the family court is to make appropriate factual findings and legal conclusions as to whether Mrs. Cooksey should be required to account for the disposition of the disputed marital funds.

We find no merit in Mr. Cooksey's further contention that the court erred in determining his inheritance to be a marital asset subject to equitable distribution. If inherited property, nonmarital at the time of its acquisition, is utilized by the parties in support of the marriage, it is transmuted into marital property. *Hussey v. Hussey,* 312 S. E. (2d) 267 (S. C. App. 1984).

It is evident from the record that Mr. Cooksey's inheritance was commingled with marital property and utilized without reservation in support of the marriage. Mr. Cooksey testified that he used the inheritance of $22,711.67 to purchase his father's 105-acre farm. The farm was sold and some unspecified amount of the profits was used to purchase the marital home in Country Club Estates. This property was titled in the names of both parties and was the residence of Mrs. Cooksey at the time of the hearing. It was valued at $56,000 with a net equity of $26,868.

Mr. Cooksey further testified that an unspecified amount of the proceeds from the sale of the farm was also used to

purchase realty in Kentucky. Jointly titled, the Kentucky realty was sold and its proceeds invested in other property. Finally, the parties sold all the property and used an unspecified amount of the proceeds to purchase the Old Batson Road property. Mr. Cooksey resided on this property at the time of the hearing. The property was jointly held and had an appraised value of $49,500 with net equity of $23,500.

Clearly, Mr. Cooksey's inheritance was commingled with and used as marital property. We find, therefore, that the family court properly included it in the marital estate and subjected it to equitable distribution. It does not follow, however, that Mr. Cooksey was entitled to recoup none of his inheritance. The South Carolina Supreme Court stated in *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983): "In making an equitable distribution, the court may properly consider [a spouse's] material contributions through inheritance . . . ."

The failure of the family court to consider restoring Mr. Cooksey's inheritance to him along with its failure to set forth facts upon which it based its finding that he should not be "reimbursed" for it was error. On remand, the court is to make appropriate factual findings and legal conclusions as to whether Mr. Cooksey is entitled to a special equitable consideration upon the distribution of the marital assets based on his contribution of his inheritance.

Finally, Mr. Cooksey contends the court erred in its enumeration, evaluation and division of the personal property of the marriage because its findings are based totally on evidence outside the record. We agree.

We see no purpose to be served by recounting the facts supporting our finding. Counsel for Mrs. Cooksey concedes that the evidence on this issue was submitted to the family court after the hearing and without notice to counsel for Mr. Cooksey. The family court then used this erroneous evidence to justify an offset of $5,746 against Mr. Cooksey's interest in the proceeds from the Florida property.

On remand, the family court is to hear any evidence tendered on the enumeration, evaluation, possession and distribution of the personal property. Its order, following this hearing, should set forth with particularity each finding of fact upon which it bases its conclusions of law in compliance

with Rule 27(C) of the Rules of Practice of The Family Courts. *Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App. 1983).

In addition, on remand, the family court shall: (1) determine what property, real and personal, is in the marital estate: (2) determine its value; and (3) decide how division of the net marital property can be made most equitably, considering, among other things, Mr. Cooksey's contribution of his inheritance, *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982).

The judgment of the family court awarding Mrs. Cooksey attorney's fees of $250 is affirmed. Mr. Cooksey points out, and we agree, that the court's order with respect to attorney's fees, does not comply with the mandates of *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). However, the record supports the minimal award based on the financial declarations submitted and the time Mrs. Cooksey's attorney necessarily must have spent in the hearing before the family court.

For the reasons set forth above, the judgment of the family court is affirmed in part and reversed in part and remanded for further proceedings consistent with our decision in this case.

Affirmed in part; reversed in part and remanded.