0112

Anne J. BOWEN, Appellant, v. William E. BOWEN, Respondent.
(313 S. E. (2d) 362)

Court of Appeals

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for respondent.*

Heard Jan. 31, 1984.

Decided March 2, 1984.

CURETON, Judge:

In this action for separate support and maintenance, the wife appeals from the order of the trial judge that awarded the husband a one-half interest in the marital home, titled in her name, and a one-half interest in the furnishings in the home. She also asserts error in the failure of the court to divide certain rental real property titled in the husband's name. We affirm that portion of the trial judge's order dealing with the division of the marital residence and business property, but reverse the portion dealing with the division of the household furnishings.

The parties were married in 1953 and bought the marital home in question in 1967 with a down payment from the proceeds from the sale of a former residence titled in the husband's name. Prior to 1976, the wife remained in the home and reared the parties' four (4) children, all of whom are now emancipated. Since 1976, the wife has been self-employed and up until the time of the separation contributed her earnings to the household. Her earnings, however, have been insubstantial when compared to the husband's income.

The husband made all payments on both the former residence and the present marital home. In addition to the home, the parties acquired the usual household furnishings, includ-

ing silverware, crystal and several antiques. The husband removed several household items from the marital residence (with the wife's permission) when he was ordered pendente lite to vacate the marital home.

The trial court awarded the wife $750 per month alimony, a 50% interest in the marital residence and a 50% interest in the household furnishings. No appeal was taken from the award of alimony.

The wife first contends that the trial court erred in not finding that the house was her sole property based on a presumption of gift, *Caulk v. Caulk,* 211 S. C. 57, 43 S. E. (2d) 600 (1947), and also that such gifts are not subject to equitable division. *Burgess v. Burgess,* 277 S. C. 283, 286 S. E. (2d) 142 (1982) is dispositive of this contention. We find no merit thereto.

The wife next argues that the trial court committed error in awarding the husband a one-half interest in the marital home. She requested in her pleadings sole ownership of the marital home and its furnishings while the husband counterclaimed for an order awarding him sole ownership of the house or, alternatively, "to declare his proper interest in and to the said property."

Of course, the husband is entitled to a specific equity in the marital home, though it is titled in the wife's name, if he can demonstrate that he made a marital contribution to its acquisition. *Bugg v. Bugg,* 277 S. C. 270, 286 S. E. (2d) 135 (1982); *Burgess v. Burgess, supra.* Here, while title to the house at the time of acquisition was placed in the wife's name, the husband contributed his equity from the sale of the former residence as a down payment. Additionally, the husband made all mortgage payments on the house. The contributions of the wife consisted of some payments to the household expenses for a short period of time and the performance of usual household duties. No basis appears in the record for evaluating these contributions. Based on this proof by the husband of his contributions to the acquisition of the marital home, we find no error in the award.

The wife next asserts that the trial court erred in awarding the husband a one-half interest in the personal property without due consideration of the personal property already

removed by the husband from the marital residence. We agree.

In order to have equitably divided the personal property, it was incumbent upon the trial judge to identify and evaluate it. *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982); *Hussey v. Hussey*, 312 S. E. (2d) 267 (S. C. App. 1984). The record discloses that while most of the personal property was identified, much of it was not evaluated. We accordingly remand the issue of the division of the household furnishings to the trial court for a complete identification, valuation and a more equitable division of the personal property. In doing so, we observe that the trial court may consider the husband's business property in making such re-division. *Levy v. Levy*, 277 S. C. 576, 291 S. E. (2d) 201 (1982); *Hussey v. Hussey, supra.*

We also mention that this ruling does not preclude the trial court from permitting the parties to amend their pleadings to request an equitable division of all of the property of the parties under provisions of Section 15-13-920, Code of Laws of S. C. 1976.

Finally, the wife complains that the trial court did not grant her an equitable interest in the husband's business property valued at approximately $115,000.00. She admits that she did not request such a division, but argues that since the trial judge equitably divided the house and furnishings, he was obliged to divide the business property also. The trial court was limited to the relief requested by the parties. *Poniatowski v. Poniatowski*, 275 S. C. 11, 266 S. E. (2d) 787 (1980); *Ingram v. Ingram*, 273 S. C. 113, 254 S. E. (2d) 680 (1979); *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978). The trial court committed no error in failing to divide the business property. Moreover, we note that the trial judge did not completely ignore the business property. He stated in making a division of the house and furnishings that:

> [I have] considered the business property owned by the Defendant which had a value of One Hundred Fifteen Thousand and no/100 ($115,000.00) Dollars and is titled totally in the name of the Defendant. The business property affects his ability to pay support as previously ordered and there were no contributions by the Plaintiff to its acquisition.

Accordingly, we affirm the order of the trial court, except as to division of the household furnishings which is reversed and remanded for a redetermination consistent with this opinion.

Affirmed in part; reversed in part and remanded.

GARDNER and GOOLSBY, JJ., concur.