0434

Joan R. EAGERTON, Appellant-Respondent, v. Hoyt L. EAGERTON, Jr., Respondent-Appellant.

(328 S. E. (2d) 912)

Court of Appeals

*Edmund H. Monteith*, Columbia, *for appellant-respondent.*

*E. N. Zeigler*, Florence, *for respondent-appellant.*

Heard Sept. 26, 1984.

Decided April 10, 1985.

GARDNER, Judge:

This is a cross-appeal from a divorce decree dissolving a 54-month marriage. We affirm.

The appealed order denied equitable distribution sought by the wife, awarded the wife $2,500 per month alimony for 36 months and $25,000 attorney's fees.

The issues necessary for decision are whether (1) the trial jduge should have ordered equitable distribution of assets accumulated during the marriage, (2) rehabilitative alimony should have been awarded under the circumstances of this case and (3) the award of attorney's fees to the wife was excessive.

## I.

In order to be entitled to an award of special equity in property or equitable distribution of a marital estate, the spouse seeking it must show that he or she has made a material contribution to the acquisition of the property; this is the threshold prerequisite of both doctrines. See "Determination of Property Rights Upon Divorce in South Carolina: An Exploration and Recommendation," 33 S.C.L.R. 227 (1981).

The appealed order made a detailed review of the development in South Carolina of the doctrines of special equity and equitable distribution.[1] It then noted that the contribution

---

[1] Cases cited are: *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601. (1981); *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Poniatowski v. Poniatowski*, 275 S. C. 11, 266 S. E. (2d) 787 (1980); *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979); *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978); and *Glass v. Glass*, 276 S. C. 625, 281 S. E. (2d) 221 (1981).

made might be direct or indirect, that it might be in the form of a contribution or a fund for the purchase of a business, or the contribution of services in a spouse's business, or contribution to a savings account belonging to the other spouse individually, or use of the spouse's separate income for household expenses, or efforts in caring for children or general attention to household duties or simply devotion to the other spouse.

In whatever form made, the material contribution is a primary prerequisite and must be made. In the case before us, the trial judge found the wife had made none. In summary, the record discloses the wife to have been a spendthrift, a person addicted to excessive medication, who slept until about noon each day and made no meaningful contribution to either the marriage or the acquisition of property by the husband.

■ We concur in and affirm the trial judge's finding of fact that the wife is not entitled to nor should she be awarded any special equity or right of equitable distribution of the husband's property.

## II.

In the case of *Millis v. Millis*, S. C., 320 S. E. (2d) 66 (S. C. App. 1984), this court indicated that it would entertain the question of rehabilitative alimony presented by an appeal in which the factors relating to the award of rehabilitative alimony had been considered by the trial court. This is such a case.

■ ■ The purpose of rehabilitative alimony is to encourage a dependent spouse to become self-supporting by providing alimony for a limited period of time during which the dependent spouse might retrain and rehabilitate himself or herself thereby limiting the duration of the time in which the supporting spouse is burdened by spousal support. Additionally, this type alimony permits a couple, where all legitimate purposes of maintaining the marriage have ended and a divorce is granted, to develop their own lives free from obligations to each other. This purpose, though commendable, per se, must be limited by well defined parameters.

We first hold that the Legislature has authorized the courts of this state to order rehabilitative alimony. Section 20-3-130, Code of Laws of South Carolina (1976), in pertinent part provides:

> In every judgment of divorce from the bonds of matrimony the court shall make such orders touching the maintenance, alimony and suit money of either party or any allowance to be made to him or her ... as from the circumstances of the parties and the nature of the case may be just....

We hold that the term alimony is sufficiently broad to include rehabilitative alimony and further that the words "any allowance" reveal the intent of the Legislature that the courts of this state shall have broad authority in providing spousal support.

Having decided that the family courts of this state have authority to make awards of rehabilitative alimony, we hold that rehabilitative alimony will be affirmed by this court when the record supports it and the appealed order makes specific findings of fact pursuant to Rule 27(C) and in conformance with this order. The factors to be considered in awarding rehabilitative alimony shall include (1) the duration of the marriage, (2) the age, health and educational backbround of the supported spouse, (3) the financial resources of the parties, (4) the parties' accustomed standards of living, (5) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance, (6) the time necessary for the dependent spouse to acquire job skills, (7) the likelihood that the spouse will successfully complete retraining and (8) the likelihood of success in the job market. Finally the court should consider other responsibilities of the supported spouse such as care for children of the marriage which would interfere with the retraining.[2]

---

[2] The factors are a composite of those set forth in the annotations of and in UNIF, MARRIAGE AND DIVORCE ACT Section 308, 9A U.L.A. Mat., Fam. & H. Laws (1979) (as amended), and following authorities: *Molnar v. Molnar*, 314 S. E. (2d) 73 (W. Va. 1984); and 24 Am.Jur. (2d) *Divorce and Separation*, Section 746-48 (1983); Annot., 97 A.L.R. (3d) 740 (1980).

And we would emphasize the where a spouse has been out of the job market performing spousal duties over the course of a lengthy marriage, rehabilitative alimony will rarely be approved; in these cases permanent alimony generally is required.

Returning to the case before us, the marriage was of short duration. The wife was about 39 years old at the time of the divorce. She had a demonstrated academic ability; she had acquired a four-year college degree and had previous work experience. There were no children of the marriage. This was the third marriage for the wife. Although during the marriage the wife had lived in an extravagant manner, she had retained over $100,000 in personal property, chiefly diamonds and other jewelry, which were given to her by her husband. In addition she had acquired during the marriage a wardrobe of some 300 slacks and 200-300 dresses. She received over $28,000 in temporary alimony from the time of the separation until the divorce decree. The appealed order provides for $90,000 over a period of three years. Under these circumstances we hold that the rehabilitative alimony awarded is sufficiently consistent with her accustomed standard of living. The husband is financially able to make the payments required by the appealed order.

The appealed order recited the above findings of fact and the trial judge specifically questioned the wife about how long it would take for her to rehabilitate herself and she answered about two or three years. The wife's financial declaration disclosed a need of approximately $2,499 per month and the trial judge rounded this out to a $2,500 per month rehabilitative alimony award for three years.

We find no error in the rehabilitative alimony awarded and affirm the award made.

### III.

The husband appeals the attorney's fee awarded the wife's attorney. The record factually supports the award made. An award of attorney's fees is within the discretion of the trial judge and will not be disturbed on appeal absent abuse of this discretion. *Brewington v. Brewington*, 280 S. C. 502, 313 S. E. (2d) 53 (1984). We find no

abuse of discretion and affirm the award of attorney's fees.

The remainder of the wife's exceptions are without merit and are affirmed. These exceptions are not necessary for decision in the case.

For the reasons stated, the appealed order is affirmed.

SANDERS, C. J., and CURETON, J., concur.