0627

Lewis Monroe TROWELL, Respondent v.
Barbra Jane TROWELL, Appellant.

(340 S. E. (2d) 553)

Court of Appeals

*Miles Loadholt*, of *Blatt & Fales*, Barnwell, *for appellant.*

*Charles L. Yeomans, III*, Hampton, *for respondent.*

Heard Dec. 16, 1985.

Decided Feb. 7, 1986.

GARDNER, Judge:

In this divorce decree the issues on appeal by the wife are whether (1) the equitable distribution of the marital property was properly made and (2) the court properly ordered rehabilitative alimony.

The parties were married in 1950 and lived together until March 1981. Three children were born of the marriage; all are now emancipated. The wife performed homemaker duties until 1966 when she went to work as a secretary; she

also did the bookkeeping for the husband's business over the years without pay.

The wife returned to college in 1973 and earned a degree in Psychology and Sociology. At the time of the hearing, she lacked twelve hours in completing the work for her master's degree. Between 1975 and 1980 the wife worked as a drug and alcohol counselor.

The husband is a Clemson graduate. He has a termite business and a carpet sale business, both of which are headquartered in the same building.

The husband is a recovered alcoholic.

We find no error in the equitable distribution award. The criteria set forth in the recent case of *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985) were considered by the trial judge. There is no merit to this exception and we so hold.

The factors for consideration in making an award of rehabilitative alimony were set forth in *Eagerton v. Eagerton*, 285 S. C. 279, 328 S. E. (2d) 912 (Ct. App. 1985) and confirmed by *Herring v. Herring*, 286, S. C. 448, 335 S. E. (2d) 366 (1985). The trial judge in this case failed to make findings of fact pertaining to these factors; this is error. We reverse and remand for consideration of these factors and for determination of whether the wife is entitled to rehabilitative alimony or permanent alimony.

For the reasons stated, the case is affirmed in part, reversed in part and remanded.

Affirmed in part; reversed in part and remanded.

SANDERS, C. J., and CURETON, J., concur.