0956

Ralph Alvin TOLER, Respondent v. Kathryn Lewis TOLER, Appellant.

(356 S. E. (2d) 429)

Court of Appeals

*Randall M. Chastain,* of Columbia, *for appellant.*

*J. Leeds Barroll, IV,* of Columbia, and *George W. Gregory, Jr.,* of Cheraw, *for respondent.*

Heard Feb. 19, 1987.

Decided May 11, 1987.

BELL, Judge:

Ralph Alvin Toler petitioned the family court for a divorce from his wife, Kathryn Lewis Toler, on the ground of one year's continuous separation without cohabitation. Both parties sought equitable distribution of the marital estate. In addition, the wife sought permanent periodic alimony. The court granted the divorce, awarded the wife two years of rehabilitative alimony, and distributed the marital estate. The wife appeals the alimony award and the equitable distribution. We vacate in part and remand.

The parties were married on July 28, 1962. They separated in August 1984. At the time of the hearing, both were forty-two years old and in good health. Two children, who are now emancipated, were born of the marriage.

The husband worked as a blue collar wage earner during most of the marriage. He is skilled in a number of trades. At the time of trial, he was farming, teaching part time at a technical college, and serving as a master sergeant in the Air Force Reserve. He earns approximately $814 a month

against monthly expenses of $1,230. The husband is capable of earning more money, but he has been unable to find steady employment in Chesterfield County.

The wife graduated from high school. Before the marriage, she was a clerical worker. She was enrolled in business school at the time of the marriage, but dropped out and did not graduate. She engaged in no significant wage earning employment during the marriage, instead working as a homemaker and mother. Since the separation, she has worked as a part time cashier at an insurance agency, earning about $206 a month against monthly expenses she estimates at $1,335. She has some secretarial skills, including shorthand. She wishes to return to school for additional training so she can become self sufficient.

## I.

After reciting that the living expenses of both parties exceed their incomes and that it would be to the wife's advantage to advance educationally, the family court found the husband should pay the wife rehabilitative alimony of $300 a month for twenty-four months. The order contains no other findings supporting the award of rehabilitative alimony.

The purpose of rehabilitative alimony is to encourage a dependent spouse to become self supporting after a divorce. *Eagerton v. Eagerton*, 285 S. C. 279, 328 S. E. (2d) 912 (Ct. App. 1985). It permits a couple, where all reasons for maintaining the marriage have ended and a divorce is granted, to develop their own lives free from obligations to each other. *Id.* If a spouse has been out of the job market performing spousal duties over the course of a lengthy marriage, permanent periodic alimony ordinarily will be required and rehabilitative alimony should be approved only in exceptional circumstances. *Id.* The factors to be considered in awarding rehabilitative alimony include: (1) the duration of the marriage; (2) the age, health, and education of the supported spouse; (3) the financial resources of the parties; (4) the parties' accustomed standard of living; (5) the ability of the supporting spouse to meet his needs while meeting those of the supported spouse; (6) the time necessary for the supported spouse to acquire job train-

ing or skills; (7) the likelihood that the supported spouse will successfully complete retraining; and (8) the supported spouse's likelihood of success in the job market. *Id.* An award of rehabilitative alimony must be supported by evidence that demonstrates the self sufficiency of the supported spouse at the expiration of the ordered payments. *Herring v. Herring,* 286 S. C. 477, 335 S. E. (2d) 366 (1985).

The family court in this case failed to make specific ■ findings of fact justifying the award of rehabilitative alimony. The court gave no reasons why rehabilitative alimony rather than permanent periodic alimony was desirable. Similarly, there was no finding regarding the wife's ability to attain self sufficiency at the expiration of the ordered payments nor any explanation for the choice of twenty-four months as the period of rehabilitation. We are unable to supply these omissions from our own review of the record. Accordingly, we vacate the award of rehabilitative alimony and remand to the family court for reconsideration in light of this opinion. *Trowell v. Trowell,* 287 S. C. 611, 340 S. E. (2d) 553 (Ct. App. 1986).

## II.

The family court also awarded the wife $25,000 plus unspecified items of personal property as her equitable share of the marital estate. The order makes no finding regarding the proportionate contributions of the parties to acquisition of the marital estate and does not explain how the court arrived at the final distribution.

In making an equitable distribution of marital prop- ■ erty, the family court must: (1) identify the marital property, real and personal, to be divided between the parties; (2) determine the fair market value of the property so identified; (3) identify the proportionate contributions, both direct and indirect, of each party to the acquisition of the marital property, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital property, including the manner in which distribution is to take place (e.g., in cash or in kind). *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984); *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984); *Bowen v. Bowen,*

280 S. C. 602, 313 S. E. (2d) 362 (Ct. App. 1984); Section 20-7-471 et. seq., Code of Laws of South CArolina, 1976, as amended.

In this case, the marital property consisted of a sixty-four acre farm on which the marital residence is located, four life insurance policies with a cash value of $6,075, and various items of personal property apparently worth over $20,000.

The husband purchased the farm for $20,000 in 1980. Of this amount, $16,250 represented proceeds he obtained from the sale of real property he inherited in 1976. The husband personally built the marital residence on the farm, spending about $36,000, not including the value of his own labor. This money came from the sale of the parties' prior marital residence in Charleston. The farm is titled jointly in the names of the husband and wife. The husband valued the farm acreage at $48,000 and the residence at $40,000 for a total of $88,000. The wife valued the residence and acreage together at $87,500.

For reasons not stated, the family court valued the farm at $80,000 despite the evidence of both parties that it was worth more. The court failed to include the cash value of the life insurance policies in the marital estate. Although each party submitted a detailed list of the personal property with valuations for most items, the court divided the personalty in kind without placing a value on each party's share. The court also deducted $16,250 from the value of the marital property as a "credit" to the husband for the proceeds from his inherited property. The court then awarded the wife $25,000 plus personal property of unspecified value. How the court arrived at the $25,000 amount is unexplained.

This method of determining the equitable distribution was plainly erroneous. The evidence does not support the court's valuation of the farm. In the absence of contrary evidence, the court should have accepted the value the parties assigned to this marital asset. Moreover, the cash value of the life insurance policies should have been included in the marital estate. *See Leveck v. Leveck,* 614 S. W. (2d) 710 (Ky. Ct. App. 1981); *Walker v. Walker,* 631 S. W. (2d) 68 (Mo. Ct. App. 1982); *Lindsey v. Lindsey,* 342 Pa. Super. 72, 492 A. (2d) 396 (1985). While we find no error in the in-kind division of the personal property, the court

should have valued each party's distributive share of the personalty in order to account for it in valuing the total marital estate.

■ The proceeds from the sale of the husband's inherited property lost their nonmarital character when the husband used them to purchase the farm, which was titled jointly in both names and was used as the primary source of support for the marriage. *Hussey v. Hussey, supra; Cooksey v. Cooksey,* 280 S. C. 347, 312 S. E. (2d) 581 (Ct. App. 1984); *Rampey v. Rampey,* 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985); *Cooper v. Cooper,* 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986). Consequently, the court erred in treating those proceeds as separate property and deducting their amount from the marital estate.[1]

■ In addition to these errors in valuing the marital property, the court also failed to determine the proportionate shares of the total estate to which the parties were equitably entitled based on their respective contributions to the marriage and the acquisition of marital property. *See Parrott v. Parrott,* 278 S. C. 60, 292 S. E. (2d) 182 (1982); *Brown v. Brown,* 279 S. C. 116, 302 S. E. (2d) 860 (1983); *Shaluly v. Shaluly,* 284 S. C. 71, 325 S. E. (2d) 66 (1985); *Jones v. Jones,* 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984). The final cash distribution to the wife should have been determined by calculating her equitable percentage of the total marital estate and deducting therefrom the value of the personal property she received in kind.

Because of the errors outlined above, we also vacate the equitable distribution and remand to the family court for redetermination in accordance with this opinion.

Vacated in part and remanded.

GARDNER and SHAW, JJ., concur.

---

[1] Since the farm is marital property, its full value should be taken in valuing the marital estate, without deduction for the husband's inheritance. The correct way to treat the inheritance is as a contribution by the husband to the acquisition of marital property. This contribution should be taken into account in determining the percentage of the marital estate to which the husband is equitably entitled upon distribution.