687 S.E.2d 52

Alice DAWKINS, Petitioner,

v.

Steve DAWKINS, Respondent.

No. 26756.

Supreme Court of South Carolina.

Heard Oct. 6, 2009.

Decided Jan. 4, 2010.

Rehearing Denied Jan. 21, 2010.

---

Usha Jefferies Bridges, of Gaffney, and William G. Rhoden, of Winter & Rhoden, of Gaffney, for Petitioner.

Richard H. Rhodes, of Burts, Turner, Rhodes & Thompson, of Spartanburg, for Respondent.

PER CURIAM.

We granted a writ of certiorari to review the court of appeals opinion in *Dawkins v. Dawkins,* Op. No. 2007–UP–460 (S.C. Ct. App. filed Oct. 11, 2007). We reverse and reinstate the judgment of the family court.

The family court ordered an equitable division of the marital estate 60% to Alice Dawkins (Wife) and 40% to Steve Dawkins (Husband), although the actual division was 56%—44% due to a mathematical calculation error. On appeal, the court of appeals reversed and held an equal division of the marital estate to be "appropriate." In addition, the court of appeals awarded Husband $25,000 as a "special equity" in the marital residence. We have carefully reviewed the record and applicable law and reverse the court of appeals pursuant to Rule 220, SCACR. *See Craig v. Craig,* 365 S.C. 285, 290, 617 S.E.2d 359, 361 (2005) (division of marital property is within family court's discretion and will not be disturbed on appeal absent an abuse of discretion).

## I.

We address two matters for the benefit of the bench and bar: the apparent trend at the appellate level to find an abuse of discretion when an equitable division award in a long-term

marriage deviates from an equal division, and our view that the manner of accounting for a spouse's "special equity" in marital property should follow the approach approved in *Toler v. Toler*, 292 S.C. 374, 356 S.E.2d 429 (Ct.App.1987).

## A.

█ Husband and Wife were married for twenty-two years. As noted, the family court attempted to divide the marital property 60% to wife and 40% to husband, although the actual division was 56%—44%. The court of appeals found the division to be an abuse of discretion. According to the court of appeals, "[w]hile there is no bright line rule, this Court suggests an equal 50%—50% split of marital assets as an appropriate beginning point for dividing the estate of a long-term marriage." *Dawkins v. Dawkins*, Op. No. 2007–UP–460 (S.C. Ct. App. filed October 11, 2007). The court of appeals held a 50%–50% division was "appropriate" due in part to "the trend in case law for an equal apportionment of [marital] property." *Id.*

We take no issue with the proposition that an equal division of marital property will often be "appropriate." We further agree that a 50%—50% division would be appropriate here. But that does not make the attempted 60%—40% division inappropriate or an abuse of discretion. The purpose behind case law's imprimatur of a 50%—50% division was to foster amicable resolutions in family court matters and provide guidance on what would in effect be a safe harbor in most cases in the division of marital property in a long-term marriage. Yet what was intended as guidance on an "appropriate" division has seemingly mutated into a mandatory division. It is well-settled that the apportionment of marital property is within the discretion of the family court. *Wooten v. Wooten*, 364 S.C. 532, 542, 615 S.E.2d 98, 103 (2005).

█ An appellate court should approach an equitable division award with a presumption that the family court acted within its broad discretion. The family court's award should be reversed only when the appellant demonstrates an abuse of discretion. The family court here acted within its discretion in attempting to apportion the marital estate 60%—40%. *Roberson v. Roberson*, 359 S.C. 384, 389, 597 S.E.2d 840, 842

(Ct.App.2004) (recognizing that when reviewing the family court's equitable apportionment, an appellate court looks to the fairness of the overall apportionment, and if the end result is equitable, it is irrelevant that the appellate court might have weighed specific factors differently than the family court).

## B.

■ Next, we address the issue of how to account for a spouse's "special equity" in marital property.[1] Here, the parties' marital residence was a gift to Husband by his mother. It is undisputed that the home was transmuted into marital property. Husband believed the family court failed to give him proper consideration for his contribution to the marital home. The court of appeals agreed and relied on *Cooksey v. Cooksey,* 280 S.C. 347, 312 S.E.2d 581 (Ct.App. 1984) in awarding Husband a separate award of $25,000. The $25,000 special equity award would have been in addition to Husband's 50% share of the balance of the marital property.

■ *Cooksey* preceded our equitable apportionment statute. We agree with the principle, as stated by the court of appeals, that "a transmutation of inherited nonmarital property into marital property [does] not extinguish the inheritor's right for special consideration upon divorce." *Dawkins v. Dawkins,* Op. No. 2007–UP–460 (S.C. Ct. App. filed October 11, 2007). We, however, overrule *Cooksey* to the extent it may be read to allow a family court to separate and subtract the inheritance amount from the marital estate and then award this "special equity" to the inheritor in addition to his or her portion of the court-ordered division of the marital estate. We approve of the approach announced in *Toler,* decided after adoption of the equitable apportionment statute, as the sole method in accounting for a spouse's special equity in marital property and hold that "the correct way to treat [an] inheritance is as a contribution by [the inheriting party] to the

---

1. We recognize the concept of a special equity can also refer to an interest in any increase in value of nonmarital property resulting from the non-owner spouse's material contribution. *Arnal v. Arnal,* 363 S.C. 268, 294, 609 S.E.2d 821, 835 (Ct.App.2005). Accounting for a spouse's contribution to a nonmarital asset presents a different situation. Our holding is limited to a family court's consideration of a special equity in a marital asset.

174

acquisition of marital property [and that] [t]his contribution should be taken into account in determining the percentage of the marital estate to which [the inheriting party] is equitably entitled upon distribution." *Toler,* 292 S.C. at 380 n. 1, 356 S.E.2d at 432 n. 1.

## II.

We reverse the court of appeals and reinstate the judgment of the family court.

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.