THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wendell Leon
 Hawkins, Appellant/Respondent,
 v.
 Elizabeth Leigh
 Bannister Hawkins, Respondent/Appellant.
 
 
 

Appeal From Greenville County
Gerald C. Smoak, Jr., Family Court Judge
Unpublished Opinion No. 2010-UP-510
Submitted November 1, 2010  Filed
 November 30, 2010
AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Joseph M. Ramseur, Jr., and Megan G. Sandefur, both of Greenville,
 for Appellant/Respondent.
 James T. McLaren and C. Dixon Lee, of Columbia, both for
 Respondent/Appellant.
 
 
 

PER CURIAM: In this cross-appeal from the family court, Wendell
 Leon Hawkins (Husband) asserts the family court erred in failing to require
 reimbursement of temporary alimony and spousal support.  Husband further
 asserts the family court erred in equitably apportioning the parties' assets
 and debts, and in ordering Husband to pay attorney's fees to Elizabeth Leigh
 Bannister Hawkins (Wife).  Wife also appeals, arguing the family court erred in
 failing to include Husband's law practice as marital property for purposes of
 equitable division.  We reverse[1] in part and affirm in part the family court's order pursuant to Rule 220(b),
 SCACR, and the following authorities:
1.  As to whether the family court
 erred in finding that Husband was not entitled to reimbursement of previously
 paid temporary alimony and spousal support during the pendency of the
 litigation, we reverse and find Husband is entitled to reimbursement of
 previously paid temporary alimony and spousal support in the amount of $24,000: See S.C. Code Ann. § 20-3-130(A) (Supp. 2009) ("No alimony may be
 awarded a spouse who commits adultery before the earliest
 of these two events: (1) the formal signing of a written property or marital
 settlement agreement or (2) entry of a permanent order of separate maintenance
 and support or of a permanent order approving a property or marital settlement
 agreement between the parties."); Pruitt v. Pruitt, 389 S.C. 250,
 273, 697 S.E.2d 702, 714-15 (Ct. App. 2010) (holding husband was
 entitled to the reimbursement of alimony payments made after the wife's
 adulterous activity, but not to alimony payments made prior to the adultery); see
 also Griffith v. Griffith, 332 S.C. 630, 642, 506 S.E.2d 526, 532
 (Ct. App. 1998) ("The establishment of adultery as a defense to alimony is
 a bar to all alimony under section 20-3-130(A), and requires the reimbursement
 of court-ordered temporary spousal support."); Watson v. Watson,
 291 S.C. 13, 22-24, 351 S.E.2d 883, 889-90 (Ct. App. 1986) (reducing wife's
 equitable distribution award by the amount of pendent lite support paid by the
 husband where the husband established wife committed adultery at merits
 hearing).     
2.  As to whether the family court
 erred in equitably apportioning the parties' assets and debts, we find this
 issue abandoned on appeal. See Pruitt, 389 S.C. at 269, 697
 S.E.2d at 712 ("Short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.")
 (internal quotation and citation omitted); Blanding v. Long Beach Mortg. Co., 379
 S.C. 206, 224, 665 S.E.2d 608, 618 (Ct. App. 2008) (stating an issue first
 raised in a motion to alter or amend the judgment is not preserved for review). 
 Even if not abandoned, Husband failed to prove the debt incurred on the Chase
 credit card was nonmarital.  See Pruitt, 389 S.C. at 259-60, 697
 S.E.2d at 707 (asserting the court's equitable division of marital
 property will not be disturbed on appeal absent an abuse of discretion); Wooten
 v. Wooten, 364 S.C. 532, 547, 615 S.E.2d 98, 105 (2005)  ("When
 a debt is incurred after the commencement of litigation but before the final
 divorce decree, the family court may equitably apportion it as a marital debt
 when it is shown the debt was incurred for marital purposes, i.e., for
 the joint benefit of both parties during the marriage.") (citation
 omitted); Mosley v. Mosley, Op No. 4759 (S.C. Ct. App. Filed Nov. 10,
 2010) (Shearouse Adv. Sh. No. 46 at 41) ("[T]he court's broad scope of
 review does not relieve the appellant of the burden of proving to this Court
 that the family court committed error.").  
3.  As to whether the family court
 erred in ordering Husband to pay $50,000 towards Wife's attorney's fees, we
 affirm.  See Dickert v. Dickert, 387 S.C. 1, 10, 691 S.E.2d 448,
 452-53 (2010) (finding whether to award attorney's fees is a matter within the sound discretion of the trial
 court and will not be reversed on appeal absent an abuse of discretion); Susan R. v. Donald R., 389
 S.C. 107, 117, 697 S.E.2d 634, 639-40 (Ct. App. 2010) ("A party's
 fault in causing a divorce is not a factor to be
 considered when awarding attorney's fees.") (internal quotation and
 citation omitted);  Nienow v. Nienow, 268 S.C. 161, 172, 232 S.E.2d
 504, 510 (1977) (holding award of attorney's fees was proper where there
 was a financial disparity between the parties and the burden of attorney's fees
 would necessarily decrease the wife's standard of living); E.D.M. v. T.A.M.,
 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether
 an attorney's fee should be awarded, the following factors should be
 considered: (1) the party's ability to pay his/her own
 attorney's fee; (2) beneficial results obtained by the attorney; (3) the
 parties' respective financial conditions; [and] (4) effect of the attorney's
 fee on each party's standard of living.") (internal citation omitted); Glasscock
 v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) ("[T]he
 six factors . . . in determining a reasonable attorney's fee:  (1)
 the nature, extent, and difficulty of the case; (2) the time necessarily devoted
 to the case; (3) professional standing of counsel; (4) contingency of
 compensation; (5) beneficial results obtained; [and] (6) customary legal
 fees for similar services.") (internal citation omitted).  
4.  As to whether the family court
 erred in failing to identify Husband's interest in his law practice as marital
 property subject to equitable division, we affirm.  See Dawkins v.
 Dawkins, 386 S.C. 169, 172, 687 S.E.2d 52, 54 (2010) ("An
 appellate court should approach an equitable division award with a presumption
 that the family court acted within its broad discretion."); Dickert,
 387 S.C. at 7, 691 S.E.2d at 451 (holding that due to the intangible nature of
 the goodwill asset, "enterprise goodwill" in a professional practice
 is not subject to equitable distribution); Donahue v. Donahue, 299
 S.C. 353, 359, 384 S.E.2d 741, 745 (1989) (stating goodwill "attaches
 to the person of the professional man or woman as a result of confidence in his
 or her skill and ability . . . . It does not possess value or constitute an
 asset separate and apart from the professional's person, or from his individual
 ability to practice his profession. It would be extinguished in the event of
 the professional's death, retirement or disablement."); Casey v. Casey,
 293 S.C. 503, 504, 362 S.E.2d 6, 7 (1987) (recognizing the speculative nature
 of goodwill and holding that goodwill dependent upon an owner's future earnings
 could not be made part of the marital estate subject to equitable distribution.).  
Accordingly, the judgment herein is
AFFIRMED IN PART and REVERSED IN PART.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.