**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eileen K. Lee, Respondent,

v.

Thomas F. Lee, Jr., Appellant.

Appellate Case No. 2012-212995

———————————

Appeal From Georgetown County
Jan B. Bromell Holmes, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-269
Heard June 4, 2014 – Filed June 30, 2014

———————————

**AFFIRMED**

———————————

Randall K. Mullins, of Mullins Law Firm, PA, of North Myrtle Beach, for Appellant.

Nicole Nicolette Mace, of The Mace Law Firm, of Myrtle Beach, for Respondent.

———————————

**PER CURIAM:** Thomas F. Lee, Jr. (Husband) appeals the order of the family court regarding divorce, alimony, and the equitable division of property. He argues the family court committed reversible error by (1) failing to award Husband a divorce on the grounds of adultery; (2) awarding alimony to Eileen K. Lee (Wife) when he presented clear evidence of her adultery; (3) granting a mistrial on

December 15, 2011; (4) incorrectly determining the equitable division of property and allocation of debt; (5) accepting William Dettmering as an expert witness; and (6) awarding Wife attorney's fees. We affirm.

1.      The family court did not err in determining Husband failed to prove Wife committed adultery. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011) (holding that in appeals from the family court, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence and because the family court is in a superior position to judge the witness's demeanor and veracity, its findings should be given broad discretion); *Chastain v. Chastain*, 381 S.C. 295, 302, 672 S.E.2d 108, 111 (Ct. App. 2009) ("Although this court may find facts in accordance with our own view of the preponderance of the evidence, we are not required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.").

The family court found Husband did not provide sufficient evidence of Wife's time, opportunity, and inclination to commit adultery. Particularly in light of the fact that the family court was in the best position to judge the credibility of the witnesses, we find no error in the family court's analysis. *See Brown v. Brown*, 215 S.C. 502, 512-13, 56 S.E.2d 330, 335 (1949) (holding that to obtain a divorce on the ground of adultery, the evidence establishing the adultery "must be clear and positive, and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed." (internal quotation marks omitted)); *Nemeth v. Nemeth*, 325 S.C. 480, 484, 481 S.E.2d 181, 183 (Ct. App. 1997) ("[B]ecause adultery is an activity that takes place in private, the proof may be, and in fact generally will be, circumstantial. Circumstantial evidence showing the opportunity and inclination to commit adultery is sufficient to establish a *prima facie* case." (citation omitted)); *Brown v. Brown*, 379 S.C. 271, 279, 665 S.E.2d 174, 179 (Ct. App. 2008) (noting that "without evidence to support a romantic relationship, including love letters, romantic cards, hand-holding, hugging, kissing, or any other romantic demonstrations or actions between the wife and her paramour, adultery was not adequately established").

2.      Because the family court concluded Husband did not provide sufficient evidence of adultery, the family court properly determined Wife was eligible to receive alimony. *See* S.C. Code Ann. § 20-3-130 (2014) ("In proceedings for

divorce from the bonds of matrimony, and in actions for separate maintenance and support, the court may grant alimony or separate maintenance and support in such amounts and for such term as the court considers appropriate as from the circumstances of the parties and the nature of case may be just, pendente lite, and permanently. No alimony may be awarded a spouse who commits adultery . . . ."); *Lide v. Lide*, 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981) ("Alimony is a substitute for support which is normally incident to the marital relationship and all facts and circumstances disclosed by the record should be considered. No one factor should be considered dispositive.").

3.      The family court properly granted a mistrial on December 15, 2011.  *See Jones v. State Farm Mut. Auto. Ins. Co.*, 364 S.C. 222, 235, 612 S.E.2d 719, 726 (Ct. App. 2005) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  An issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment." (citations omitted)); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (stating a contemporaneous objection is required to preserve issues for appellate review).

4.      The family court did not commit reversible error in its equitable division of property award and in its allocation of marital debt.  *See Lewis*, 392 S.C. at 384-85, 709 S.E.2d at 651 (holding that although an appellate court has the authority to make findings of fact in accordance with its own view of the preponderance of the evidence, it nonetheless "'should approach an equitable division award with a presumption that the family court acted within its broad discretion. The family court's award should be reversed only when the appellant demonstrates an abuse of discretion.'" (quoting *Dawkins v. Dawkins*, 386 S.C. 169, 172-73, 687 S.E.2d 52, 54 (2010))).

Husband takes issue with the ruling that he is solely responsible for the $100,000 loan from Wife's brother, James Keithly.  However, the family court provided sufficient support for its ruling.  It found Keithly and Husband colluded to lessen the equity Wife would receive from the sale of the marital home.  It referred to the fact that the parties had no written agreement between the parties and Husband and Wife had not attempted to repay the loan in the past eight years.  Therefore, while the circuit court, in a separate proceeding, found there was a valid loan between Keithly and Husband and Wife, the family court did not err in finding Husband was solely responsible for the debt.  *See* S.C. Code Ann. § 20-3-630(A) (2014) ("'Marital property' . . . means all real and personal property which has been

acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . ."); *Hardy v. Hardy*, 311 S.C. 433, 436-37, 429 S.E.2d 811, 813 (Ct. App. 1993) (finding that for purposes of equitable distribution, a marital debt is a debt incurred for the joint benefit of the parties regardless of whether the parties are legally liable or whether one party is individually liable); *Wooten v. Wooten*, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution.").

5.     The family court properly qualified William Dettmering as an expert witness.  *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) ("Before a witness is qualified as an expert, the trial court must find (1) the expert's testimony will assist the trier of fact, (2) the expert possesses the requisite knowledge, skill, experience, training, or education, and (3) and the expert's testimony is reliable."); *Gadson v. Mikasa Corp.*, 368 S.C. 214, 228, 628 S.E.2d 262, 270 (Ct. App. 2006) ("An expert is not limited to any class of persons acting professionally.  There is no exact requirement concerning how knowledge or skill must be acquired." (internal citation omitted)); *Altman v. Griffith*, 372 S.C. 388, 400, 642 S.E.2d 619, 625 (Ct. App. 2007) (finding that generally, the family court has the discretion to determine whether a witness is qualified as an expert and whether his opinion is admissible on a fact in issue); *Peterson v. Nat'l R.R. Passenger Corp.*, 365 S.C. 391, 399, 618 S.E.2d 903, 907 (2005) ("Defects in an expert witness'[s] education and experience go to the weight, not the admissibility, of the expert's testimony.").

6.     Husband's argument the amount of attorney fees awarded to Wife is incorrect is not preserved.  *See Harris v. Bennett*, 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct. App. 1998) (stating that when an issue presented to the trial court is not explicitly ruled on in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appeal).

Furthermore, we find the family court did not err in awarding Wife's attorney fees. *See* S.C. Code Ann. § 20-3-130(H) (2014) ("The court, from time to time after considering the financial resources and marital fault of both parties, may order one party to pay a reasonable amount to the other for attorney fees, expert fees, investigation fees, costs, and suit money incurred in maintaining an action for divorce from the bonds of matrimony, as well as in actions for separate

maintenance and support, including sums for services rendered and costs incurred before the commencement of the proceeding and after entry of judgment, pendente lite and permanently."); *Farmer v. Farmer*, 388 S.C. 50, 57, 694 S.E.2d 47, 51 (Ct. App. 2010) ("[The] family court should *first* consider the following factors as set forth in *E.D.M. v. T.A.M.*, in deciding *whether* to award attorney's fees and costs: (1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living. After deciding to award attorney's fees, a family court should then consider the following factors as set forth in *Glasscock* in deciding *how much* to award in attorney's fees and costs: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." (citations omitted)); *Donahue v. Donahue*, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989) (holding husband's "lack of cooperation . . . serves as an additional basis for the award of attorneys' fees"); *Anderson v. Tolbert*, 322 S.C. 543, 549, 473 S.E.2d 456, 459 (Ct. App. 1996) ("An adversary spouse should not be rewarded for such conduct.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**