**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennifer Everhart Edwards, Respondent,

v.

Gregory Mack Edwards, Appellant.

Appellate Case No. 2023-001232

———

Appeal From Sumter County
Thomas M. Bultman, Family Court Judge

———

Unpublished Opinion No. 2025-UP-340
Submitted September 1, 2025 – Filed October 8, 2025

———

**AFFIRMED**

———

Wendy Pauling Levine, of Columbia, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City; and William Andrew Wallace Buxton, of The Law Office of William A.W. Buxton, LLC, of Sumter, both for Respondent.

———

**PER CURIAM:** Gregory Edwards (Husband) appeals the family court's divorce decree, which in part divided the marital estate and awarded Jennifer Everhart Edwards (Wife) permanent periodic alimony. On appeal, Husband argues the family court erred in its apportionment of marital property and debt and awarding

Wife permanent periodic alimony instead of rehabilitative alimony for a period of five years. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in its apportionment of the marital estate. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 838 (Ct. App. 2021) ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence."); *Browder v. Browder*, 382 S.C. 512, 522, 675 S.E.2d 820, 825 (Ct. App. 2009) ("In making an equitable distribution of marital property, the court must: (1) identify the marital property to be divided between the parties . . . (3) apportion the marital estate according to the contributions, both direct and indirect, of each party to the acquisition of the property during the marriage, their respective assets and incomes . . . and (4) provide for an equitable division of the marital estate, including the manner in which the distribution is to take place."). We also hold the court properly identified the marital estate, considered the appropriate statutory factors, and apportioned the estate according to the parties' marital fault, contributions, assets, and incomes. Further, we hold the family court did not err when it failed to identify marital property to be apportioned because the refunds had been spent at the time of the hearing and were spent on marital expenses, and Husband failed to meet his burden of showing that the credit card debt apportioned to Wife was nonmarital. *See McDavid v. McDavid*, 333 S.C. 490, 494-95, 511 S.E.2d 365, 367 (1999) (finding the husband's usage of marital funds to pay for his failing business and to pay for "household/family expenses" was not an improper usage of marital funds); *Hardy v. Hardy*, 311 S.C. 433, 436-37, 429 S.E.2d 811, 813 (Ct. App. 1993) ("For purposes of equitable distribution, 'marital debt' is debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt or whether one party is legally individually liable."); *Wooten v. Wooten*, 364 S.C. 532, 547, 615 S.E.2d 98, 105 (2005) ("When the debt is incurred before marital litigation begins, the burden of proving a debt is nonmarital rests upon the party who makes such an assertion."); *id.* ("When a debt is incurred after the commencement of litigation but before the final divorce decree, the family court may equitably apportion it as a marital debt when it is shown the debt was incurred for marital purposes, i.e., for the joint benefit of both parties during the marriage."); *Sanders v. Sanders*, 396 S.C. 410, 418, 722 S.E.2d 15, 18 (Ct. App. 2011) ("The ultimate goal of apportionment is to divide the marital estate, as a whole, in a manner that fairly reflects each spouse's contribution to the economic partnership and also the effect on each of the parties of ending that partnership."); S.C. Code Ann. § 20-3-620(B) (2014) (listing the factors a court

must weigh when apportioning the marital estate).  Additionally, to the extent Husband argues the family court erred by failing to apportion Wife's jewelry and personal property, we hold this argument is without merit.  Although Husband testified he was not asking for possession of any of the items Wife had insured that were valued at $15,000, Wife explained she and Husband had agreed to divide their personal belongings themselves, and the family court found Wife's testimony regarding the agreement was credible.  *See Downing v. Downing*, 440 S.C. 322, 340-41, 891 S.E.2d 375, 384 (Ct. App. 2023) ("Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.").

Finally, we hold the court did not err by awarding Wife permanent periodic alimony because Husband failed to establish exceptional circumstances warranting a departure from permanent periodic alimony.  *See Stone*, at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Toler v. Toler*, 292 S.C. 374, 377, 356 S.E.2d 429, 431 (Ct. App. 1987) ("If a spouse has been out of the job market performing spousal duties over the course of a lengthy marriage, permanent periodic alimony ordinarily will be required and rehabilitative alimony should be approved only in exceptional circumstances."); *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001) ("It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded."); *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("Alimony is a substitute for the support normally incidental to the marital relationship."); *Craig v. Craig*, 365 S.C. 285, 292, 617 S.E.2d 359, 362 (2005) ("Generally, alimony should place the supported spouse, as nearly as practical, in the same position as enjoyed during the marriage.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.