## 1800

Andre JAMAR, Respondent v. Irene Dubuisson JAMAR, Appellant.

(417 S.E. (2d) 615)

Court of Appeals

*Jeffrey A. Merriam,* Greenville, *for appellant.*

*Robert M. Ariail,* Greenville, *for respondent.*

Heard March 9, 1992.

Decided April 6, 1992.

SHAW, Judge:

This is a domestic action, following a divorce of the parties, in which the family court had before it the issues of equitable distribution, alimony, and attorney's fees. From an order of the trial judge awarding the wife $1,400 monthly alimony and equitably dividing the marital property, the wife, Irene Dubuisson Jamar, appeals. We reverse and remand.

The record reveals the following facts. The parties are natives of Belgium and were married there on December 6, 1973, this being a second marriage for both. Around 1983, they moved to the United States where the husband was employed by International Marketing Consultants, a closely held corporation in which he is the sole stockholder. The husband's job requires him to travel extensively throughout the world and the wife accompanied him on most of these trips, entertaining

clients and their families and attending to the needs of the husband. The trial judge found the parties enjoyed a high and comfortable standard of living throughout their marriage, staying in the best hotels and eating in the finest restaurants during the business trips. The parties separated in 1988 and were divorced July 6, 1989.

The trial judge found the husband had earned $40,000 annually from 1984 through 1988 and was capable of maintaining that level. He further found the husband, born in 1925, was in generally good health, while the wife, born in 1926, was not as she suffers from asthma, has a history of heart disease, and takes numerous medications for her health problems. He noted the wife receives a pension from the Belgian government of approximately $369 monthly and, although she has health insurance from the Belgian government, her medical expenses not covered by insurance are approximately $225 per month. He found the wife was not employable due to her age and health. He also found, in order for the wife to live in the lifestyle she was accustomed to, she needed support of $2,300 per month, but found the husband had the ability to pay alimony of $1,400 per month. He thus awarded the wife $1,400 monthly alimony stating, "Were it not for the division of property as set forth below, I would give a larger alimony award."

In dividing the marital property the trial judge stated as follows:

> Considering all the relevant factors, a fair and equitable division of the property of the marriage would be for the [wife] to receive twenty-five percent (25%) of the following: Twenty-five percent (25%) of the value of the Club Forest Property (i.e. 25% of $220,000.00), twenty-five percent (25%) of Fripp Island $4 (i.e. 25% of $53,500.00), twenty-five percent (25%) of Fripp Island $5 (i.e. 25% of $39,900.00), twenty-five percent (25%) of the value of IMC (i.e. 25% of $55,000.00), twenty-five percent (25%) of personal bank accounts and mutual funds (i.e. 25% of $46,662.10) and twenty-five percent (25%) of the value of the stock portfolio as of the time of the separation of the parties (i.e. 25% of $32,000.00) with the above to be paid by the [husband] to the [wife] within one hundred twenty

(120) days from the date of this Order. The furniture in Belgium and in the United States shall be divided equally between the parties with the furniture in Belgium to be sold and divided equally between the parties and the furniture in Club Forest be (sic) divided in kind. Each party will receive the funds in his or her IRA account. The defendant shall retain her jewelry.

The trial judge valued the IRA accounts at $12,000 each and the husband's bank accounts at $153,479.17 at the time of separation and commencement of marital litigation. However, he found since the separation, and at the time of the hearing, the husband's personal accounts had a value of $46,662.10. He further found the Marchant Road property, valued at $52,500, was non-marital and was the sole property of the husband as it was titled solely in his name.

The wife raises several issues on appeal. She contends the trial judge erred in (1) awarding her only a twenty-five percent share in the marital property; (2) finding the Marchant Road property was non-marital; (3) valuing the bank accounts as of the time of the final hearing rather than the commencement of marital litigation; and (4) awarding only $1,400 monthly alimony.

■ It is clear that the trial judge erred in finding the Marchant Road property was non-marital based on title being held in the husband's name. Marital property is "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation ... *regardless of how legal title is held*." (Emphasis added.) S.C. Code Ann. § 20-7-473 (Supp. 1991). As we are unable to determine whether this property falls under one of the exceptions listed in § 20-7-473 and this was not addressed by the trial judge, we reverse his finding based on the manner in which title was held and remand for a redetermination of whether this property is marital under § 29-7-473.

■ It is equally clear the trial judge erred in valuing the bank accounts as of the date of the hearing. The proper date to value marital property is the time the marital litigation is filed or commenced. *Smith v. Smith*, 294 S.C. 194, 363 S.E. (2d) 404 (Ct. App. 1987).

As to the alimony, it is impossible to discern whether $1,400 monthly is appropriate in that the record does not contain the financial declaration of either party, particularly that of the wife, showing her income and expenses.[1] Further, the trial judge specifically set alimony considering the division of marital property received by the wife. In light of our above ruling on equitable distribution, we therefore remand the issue of alimony for reconsideration by the trial judge with specific findings as to the factors set forth in S.C. Code Ann. § 29-3-130(C) (Supp. 1991). Although the award of twenty-five percent of the marital property to the wife appears appropriate under the record before us, we likewise remand this issue for reconsideration in light of our reversal on other issues.[2]

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.

[1] The record reveals the wife's financial declaration was used at trial to go over some of her sources of income and her expenses, however, the testimony is not of sufficient detail to determine all of her expenses and the necessities of them.

[2] As this court was unable to make our own findings based on the record before us and, in as much as we are unable to determine the extent of evidence excluded from the record, we leave it within the discretion of the trial judge to either make his determinations based on the evidence before him or start fresh with a trial de novo.