1856

Mary Richardson HARDY, Respondent/Appellant
v. James B. HARDY, Appellant/Respondent.

(429 S.E. (2d) 811)

Court of Appeals

*Deborah R. J. Shupe,* of *Berry, Dunbar, Daniel, O'Connor & Jordan,* and *Victoria L. Eslinger,* of *Nexsen, Pruett, Jacobs & Pollard,* Columbia, *for appellant/respondent.*

*Sandra R. Parise,* of *Fairey & Parise,* Columbia, *for respondent/appellant.*

Heard June 11, 1992; Decided July 20, 1992.

Refiled/Order Den. Reh. April 15, 1993.

## ORDER

After reviewing the petition for Rehearing in this case, it is

ordered that the opinion heretofore filed be substituted. The Petition for Rehearing is denied.

And it is so ordered.

GARDNER, Judge:

Mary Richardson Hardy (the wife) brought this divorce action against James B. Hardy (the husband). The appealed order, *inter alia*, granted the wife a divorce on the grounds of adultery, reserved alimony to the wife, equitably divided the property, and in so doing required each party, with certain exceptions, to pay the indebtednesses in their respective names. We affirm in part, reverse in part and remand.

## ISSUES
The issues of merit are whether the trial judge erred in (1) reserving alimony in favor of the wife and (2) failing to require the wife to pay a portion of the husband's credit card debts.

## FACTS
The parties were married in 1957 and of the marriage two children were born, both now emancipated. At the time of the institution of the divorce, the wife was 57 years of age and the husband 58 years of age.

At the time of the divorce, Mr. Hardy owed in his name approximately $32,000 (exclusive of medical expenses); Mrs. Hardy owed in her name about $2,800.

The appealed order provided in pertinent part:

7. The Court is of the opinion that each party should be required to satisfy all indebtedness in their respective names, or for which they have been the primary payor in the past with the exception of real estate mortgages and car payments which will be paid by the party receiving the property.

## DISCUSSION
### I.
We hold that the trial judge erred in reserving alimony for the wife. "[A]limony may be reserved when there is a 'determination that there exists an identifiable set of circumstances that is likely to generate a need for alimony in the reasonably

near future.' " *Donahue v. Donahue*, 299 S.C. 353, 363, 384 S.E. (2d) 741, 747 (1989) (citations omitted). "If there is no need for alimony at the time of the trial, and no indication of physical or mental illness, foreseeable change in need in the future, or some other extenuating circumstance, a question of alimony should not be reserved." *Id.* at 363, 384 S.E. (2d) at 747.

We have carefully examined the record and we hold that, at the time of the final hearing, there was no present or foreseeable circumstance which would warrant the reservation of alimony. The wife is in good health, is drawing a pension from the State, and is selling real estate part-time. The circumstances where alimony may be reserved are not present in this case. We, accordingly, reverse that portion of the appealed order which reserves alimony to the wife.

## II.

We hold that the trial judge failed to recognize that the law relating to marital debts was materially impacted by S.C. Code Ann. section 20-7-472 (Supp. 1991), which provides in pertinent part:

> In making apportionment, the court must give weight in such proportion as it finds appropriate to all of the following factors:
>
> \* \* \* \* \* \*
>
> (13) liens and any other encumbrances upon the marital property, which themselves must be equitably divided, or upon the separate property of either of the parties, *and any other existing debts incurred by the parties or either of them during the course of the marriage*; [Emphasis ours.]
>
> \* \* \* \* \* \*
>
> (15) such other relevant factors as the trial court shall expressly enumerate in its order.

We hold that section 20-7-472 creates a presumption that a debt of either spouse incurred prior to marital litigation is a marital debt and must be factored in the totality of equitable apportionment. The presumption is rebuttable.

For the purposes of equitable distribution, "marital debt" is debt incurred for the joint benefit of the parties regardless of whether the parties are legally

jointly liable for the debt or whether one party is legally individually liable. See *Geer v. Geer*, 84 N.C. App. 471, 353, S.E. (2d) 427 (1987). *See also Allen v. Allen*, 287 S.C. 501, 339, S.E. (2d) 872 (Ct. App. 1986).

In the equitable division of a marital estate, the estate which is to be equitably divided by the family court judge is the net estate, i.e., provision for the payment of marital debts must be apportioned as well as the apportionment of property itself. We hold this to be implicit in the above statute. We hold, therefore, that basically the same rules of fairness and equity which apply to the equitable division of marital property also apply to the division of marital debts.

We hold that the burden of proving a spouse's debt as nonmarital rests upon that party who makes such assertion. If the trial judge finds that a spouse's debt was not made for marital purposes, we hold that it need not be factored in the court's equitable apportionment of the marital estate and the trial judge may require payment by the spouse who created the debt for nonmarital purposes.

We hold that the words "in such proportion as it finds appropriate," as used in section 20-7-472 accord much discretion to the trial judge in providing for the payment of marital debts as a consideration in the equitable division of the marital estate.

In the instant case, the trial judge failed to recognize that section 20-7-472 creates a presumption that all debts regardless of who created them are marital debts; additionally, the trial judge failed to make a determination that the husband's debts were nonmarital. We, accordingly, reverse that portion of the appealed order which requires each spouse to satisfy the debts which were in his or her name and remand this issue for determination in accordance with this decision. Upon remand, the trial court shall concurrently distribute the marital assets and the marital debts.

We find no merit to the remaining issues presented in this appeal, including the adultery issue. *Husband v. Wife*, 301 S.C. 531, 392 S.E. (2d) 811 (Ct. App. 1990), *Hartley v. Hartley*, 292 S.C. 245, 355 S.E. (2d) 869 (Ct. App. 1987).

## CONCLUSION

For the above reasons, we reverse that part of the appealed order which provides that alimony be reserved to the wife and we remand the issue of apportionment of marital debts and assets.

Accordingly, the appealed order is affirmed in part, reversed in part and remanded for purposes of a new trial on the issue of the apportionment of marital debts and marital assets.

Affirmed in part, reversed in part and remanded.

BELL and GOOLSBY, JJ., concur.