Sharon and Richard Lippincott appeal certain aspects of the family courts 
distribution of marital property following their di

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sharon Lippincott,       
Appellant/Respondent,
 
 
 

v.

 
 
 
Richard Lippincott,       
Respondent/Appellant.
 
 
 

Appeal From Dorchester County
Gerald C. Smoak, Jr., Family Court 
 Judge

Unpublished Opinion No. 2004-UP-104
Submitted January 12, 2004  Filed February 
 18, 2004

AFFIRMED

 
 
 
George J. Morris, of Charleston, for Appellant-Respondent.
Richard Lippincott, of Mt. Pleasant, for Respondent-Appellant.
 
 
 

PER CURIAM:  Sharon Lippincott 
 (Wife) and Richard Lippincott (Husband) each appeal the family courts valuation 
 of certain assets in its equitable distribution of marital property following 
 their divorce.  We affirm.
FACTS
Husband and Wife initiated this divorce 
 proceeding in 1998.  Following their separation, they entered into a settlement 
 agreement that was approved and incorporated into an order of the family court 
 dated July 17, 2001.  Under the terms of the agreement, Husband and Wife agreed 
 to distribute their marital estate in equal shares. 
A disagreement arose, however, regarding the value 
 of several marital assets and liabilities.  The disputed items included:  Wifes 
 money purchase pension plan, furniture from the marital home, marital debt and 
 expenses, and Husbands Individual Retirement Account (IRA).  Unable to resolve 
 the problem themselves, Husband and Wife sought the aid of the family court 
 to determine the value of these items.  On June 4, 2002, the court conducted 
 a hearing on the matter.  On August 2, 2002, the court issued an order determining 
 the value of the disputed items and dividing them equally. 
By way of the present cross-appeal, Husband and 
 Wife both argue the family court erred in reaching its valuations.
STANDARD OF REVIEW
In appeals from the family court, this Court has 
 authority to find the facts in accordance with our own view of the preponderance 
 of the evidence.  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 
 157 (1996).  This broad scope of review, however, does not require us to disregard 
 the findings of the court below.  Stevenson v. Stevenson, 276 S.C. 475, 
 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the trial judge, who saw 
 and heard the witnesses, was in a better position to evaluate their credibility 
 and assign comparative weight to their testimony.  McAlister v. Patterson, 
 278 S.C. 481, 483, 299 S.E.2d 322, 323 (1982).
The family court has broad discretion in determining 
 how marital property is to be distributed.  Murphy v. Murphy, 319 S.C. 
 324, 329, 461 S.E.2d 39, 41 (1995). The court below may use any reasonable means 
 to divide the property equitably, and its judgment will not be disturbed absent 
 an abuse of discretion.  Id. at 329, 461 S.E.2d at 41-42.
DISCUSSION
I.          Wifes Appeal
Wife claims the family 
 court erred in its valuation of her money purchase pension plan.  We disagree.
The family court found 
 the value of the pension was $13,113.56 and that, under the separation agreement, 
 the parties were entitled to equal shares of $6,556.78. While not explicitly 
 stated in the family courts order, this amount appears to be the value of the 
 pension as reflected on a June 30, 2000 
 [1] pension statement, which lists the vested account balance as $13,113.56. 

Wife argues the family 
 court should have valued the pension as of June 1998, the time the parties separated.  
 As a general rule, Wife is correct.  Though the required date of valuation is 
 not specifically prescribed by statute, our courts have held that the valuation 
 date should be the date marital litigation is commenced, since that is the 
 time that property must now be owned to come within the meaning of the term 
 marital property.  Smith v. Smith, 294 S.C. 194, 203, 363 S.E.2d 404, 
 409 (Ct. App. 1987); see S.C. Code Ann. § 20-7-473 (Supp. 2003) (defining 
 marital property as property owned as of the date of filing or commencement 
 of marital litigation); Mallett v. Mallett, 323 S.C. 141, 151, 473 S.E.2d 
 804, 810 (Ct. App. 1996) (Marital property is valued as of the date of the 
 filing of the complaint.); Jamar v. Jamar, 308 S.C. 265, 267, 417 S.E.2d 
 615, 616 (Ct. App. 1992) (The proper date to value marital property is the 
 time the marital litigation is filed or commenced.). 
This rule, however, has not been 
 inflexibly applied.  In Fields v. Fields, 342 S.C. 182, 536 S.E.2d 684 
 (Ct. App. 2000), this Court recognized that the family court should be given 
 latitude to account for appreciation or depreciation in marital assets that 
 occurs after separation but before the equitable division can be effectuated.  
 In that case, securities that had been awarded to the wife increased in value 
 during the eleven months between separation and the time the divorce was granted 
 and the property was divided. Id. at 187, 536 S.E.2d at 686.  The family 
 court assessed the value of the stocks as of the time of division, finding the 
 later date was the closest date to the parties divorce for which corporate 
 information was available. Id.  This Court held that the family court 
 was well within its discretion in deciding to value [the stocks] on the later 
 date. Id.
As in Fields, the only 
 information available regarding the value of the asset in the present case was 
 for the later, post-separation date well after the commencement of the action.  
 Other than Wifes brief testimony that the money purchase pension plan was the 
 equivalent of Husbands IRA valued on June 30, 1998, at approximately $2,058.79, 
 the June 2000 statement is the only evidence of the pensions value contained 
 in the record before us.  Wifes assertions regarding the June 1998 value of 
 the pension is without any substantiation in the record. 
Having failed to meet 
 a minimal level of proof, Wife left the family court with little choice in selecting 
 a value for the pension plan.  The family court, therefore, did not err in assigning 
 the $13,113.56 value.  See Dixon v. Dixon, 334 S.C. 222, 228, 
 512 S.E.2d 539, 542 (Ct. App. 1999) (It is an unfortunate reality that, given 
 the volume of cases handled by our family courts, there often is a substantial 
 delay between the commencement of an action and its ultimate resolution.  Thus, 
 it is not unusual for the value of marital assets to change, sometimes substantially, 
 between the time the action was commenced and its final resolution.  In such 
 a case, the family court has the ability to consider the post-filing appreciation 
 or depreciation when valuing and apportioning the marital estate.); Woodward 
 v. Woodward, 294 S.C. 210, 215, 363 S.E.2d 413, 416 (Ct. App. 1987) (stating 
 the family courts valuation of property will be affirmed if it is within the 
 range of the evidence); Smith, 294 S.C. at 198, 363 S.E.2d at 407 (holding 
 the family court may accept one partys valuations of marital property over 
 those of the other party).
II.        Husbands 
 Appeal
            In his cross-appeal, 
 Husband asserts the family court erred by unevenly dividing the furniture from 
 the marital home, incorrectly calculating the marital debt, and improperly including 
 his IRA as part of the marital property.  We address Husbands arguments separately 
 below.  As with Wifes claim, however, we find Husbands claims fail for complete 
 lack of proof.
A.        Furniture
The parties stipulated as a part 
 of their settlement agreement that the furniture had a value of $15,500 and 
 that it would be divided equally by in-kind distribution. Husband argues he 
 did not receive his share of the furniture, claiming that Wife changed the locks 
 to the marital home and prevented him from retrieving his furniture.  While 
 there is a brief mention of furniture division during the cross-examination 
 of Wife and direct-examination of Husband, it does not appear from the record 
 that this specific argument was raised to or ruled upon by the court.   As such, 
 it is not properly preserved for this Courts review.  See Wilder 
 Corp. v. Wilke, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) (holding an 
 issue cannot be raised for the first time on appeal, but must have been raised 
 to and ruled upon by the trial judge to be preserved for appellate review); 
 Hatfield v. Hatfield, 327 S.C. 360, 369, 489 S.E.2d 212, 217 (Ct. App. 
 1997) (stating issue must be raised to and ruled on by family court to be preserved 
 for review).   
  Regardless of whether this 
 issue was properly preserved, the claim fails because Husband points to no evidence 
 in the record indicating the value of the furniture Husband contends he was 
 entitled to but did not receive.    Indeed, in neither the record nor Husbands 
 briefs submitted to this Court is there any mention of the type of furniture 
 he claims or the size or number of the pieces.  The only statement is in Husbands 
 brief where he claims: The Wife took what she wanted, . . . and left the Husband 
 one room of furniture of the marital home that equaled Two Thousand Five Hundred 
 Dollars ($2500.00). . .The Husband should receive a credit for the remaining 
 rooms of furniture that he did not take delivery of in the amount of Five Thousand 
 Two Hundred Fifty Dollars ($5250). 
For several reasons, this bare 
 assertion fails to satisfy Husbands burden of showing the family court erred.  
 First, as previously stated, this particular argument was not raised to the 
 family court.  Secondly, there is no evidence in the Record on Appeal to support 
 this claim.  Accordingly, this Court may not consider it in our review of this 
 issue.  See Rule 210(h), SCACR (providing that appellate court review 
 is limited to evidence contained within the Record on Appeal); see also 
 Skinner v. King, 272 S.C. 520, 523, 252 S.E.2d 891, 892 (1979) (stating 
 appellant has the burden of convincing this Court that the family court erred); 
 Chanko v. Chanko, 327 S.C. 636, 643, 490 S.E.2d 630, 634 (Ct. App. 1997) 
 (A litigant who fails to offer proof on an issue may not be heard to complain 
 about the courts resolution of that issue.).                
B.        Marital 
 Debt and Expenses
Husband argues the family court 
 improperly valued and inequitably apportioned various marital debts and expenses.  

In making an equitable apportionment, 
 the family court should consider . . . any other existing debts incurred by 
 the parties or either of them during the course of the marriage[.]  S.C. Code 
 Ann. § 20-7-472(13) (Supp. 2003).   [S]ection 20-7-472 creates a presumption 
 that a debt of either spouse incurred prior to marital litigation is a marital 
 debt and must be factored in the totality of equitable apportionment.  Hardy 
 v. Hardy, 311 S.C. 433, 436, 429 S.E.2d 811, 813 (Ct. App. 1993).  The 
 presumption is rebuttable.  Id.

(1)       Marital Debt  

The family court valued the marital 
 debt at $15,145.41.  Although the court did not specify, this figure appears 
 to be the aggregate balance of five credit cards. Husband argues this was error 
 because the credit card statements Wife submitted at the final hearing were 
 either out-of-date or inaccurate.  The record, however, contains no evidence 
 reflecting what Husband claims to be the correct amount of credit card debt.  
 As such, we cannot find the court erred in accepting Wifes valuation of the 
 marital debt.  See Hardy, 311 S.C. at 437, 429 S.E.2d at 813-14  
 (holding the estate to be equitably divided by the family court is the net estate, 
 i.e., provision for the payment of marital debts must be apportioned 
 as well as the property itself; basically the same rules of fairness and equity 
 which apply to the equitable division of marital property also apply to the 
 division of marital debts); Honea v. Honea, 292 S.C. 456, 458, 357 S.E.2d 
 191, 192 (Ct. App. 1987) (stating the burden is on appellant to show the family 
 court committed reversible error and a party cannot sit back at trial without 
 offering proof, then come to the appellate court complaining of the insufficiency 
 of evidence to support the family courts findings); see also Cherry 
 v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981) (holding an 
 appellate court is not required to ignore the fact that the trial judge, who 
 saw and heard the witnesses, was in a better position to evaluate their credibility 
 and assign comparative weight to their testimony).
Husband next argues he should 
 be credited for loans obtained by Wife that were collateralized by the marital 
 401(K) retirement savings account.  Husband claims the debt incurred through 
 these loans should not be imputed to the marital estate because Wife forged 
 his signature in order to obtain them.  While there is a mention of loans obtained 
 by Wife in her testimony and Husbands testimony in the record, no such loan 
 is accounted for in the family courts order.  Husband did not raise this issue 
 in a motion pursuant to Rule 59(e), SCRCP.  Thus, this issue is not properly 
 before this Court.  See Noisette v. Ismail, 304 S.C. 56, 58, 403 
 S.E.2d 122, 124 (1991) (holding an issue not preserved where the trial court 
 does not explicitly rule on an argument and the appellant fails to make a Rule 
 59(e), SCRCP motion to alter or amend the judgment on that ground).   Furthermore, 
 the record does not contain any documentary evidence concerning any loans.  

(2)       Marital Expenses

Husband also contends the family 
 court erred by including Wifes claim of $2,800 for expenses incurred in the 
 sale of the marital home, arguing these expenses were unsubstantiated and unjustified. [2]   
Pursuant to the settlement order 
 entered on July 21, 2001, the parties were directed to equally divide the proceeds 
 from the sale of the marital home.  Prior to the sale of the home, Wife paid 
 for home repairs, painting, yard work, and cleaning.  The $2,800 figure appears 
 to be the amount charged for minor home repairs itemized on a bill from a handyman 
 service that is included in the record before us.   
Beyond Husbands assertion in 
 his brief that the $2,800 repair expense was completely unjustified, unneeded 
 and uncorroborated by a[] Real Estate Agent and was undertaken without Husband[]s 
 knowledge or approval, Husband offered no evidence that the division of that 
 expense equally between the parties was improper or without foundation.  Based 
 on our review of the record, we find no error in the family courts inclusion 
 of the home repair bill given the expenses were incurred in preparation for 
 the sale of the marital home.   See Hardy, 311 S.C. at 436-37, 
 429 S.E.2d at 813 ([M]arital debt is debt incurred for the joint benefit 
 of the parties regardless of whether the parties are legally jointly liable 
 for the debt or whether one party is legally individually liable.); Jenkins 
 v. Jenkins, 345 S.C. 88, 103, 545 S.E.2d 531, 539 (Ct. App. 2001) (Debts 
 incurred for marital purposes are subject to equitable distribution.); McElveen 
 v. McElveen, 332 S.C. 583, 605, 506 S.E.2d 1, 12 (Ct. App. 1998) (stating 
 appellant bears burden of convincing the appellate court that the family court 
 erred).  Moreover, to the extent Husband challenges the amount of the home repair 
 bill, we find the evidence in the record supports the family courts decision. 
 See Roe v. Roe, 311 S.C. 471, 478, 429 S.E.2d 830, 835 (Ct. App. 
 1993) (finding family court did not abuse its discretion where valuation of 
 marital property was supported by the evidence); see also Toler v. 
 Toler, 292 S.C. 374, 379, 356 S.E.2d 429, 432 (Ct. App. 1987) (In the absence 
 of contrary evidence, the court should have accepted the value the parties assigned 
 to a marital asset.).    
C.        Inclusion 
 of IRA as Marital Property
The family court included Husbands 
 IRA as a part of the marital estate and accordingly apportioned its value in 
 equal shares to the parties.   Husband asserts the IRA should not be included 
 as marital property because he purchased the IRA in 1983, approximately four 
 years prior to the marriage and never made any deposits or withdrawals from 
 the account during the marriage.  
There is no evidence, however, 
 this argument was raised to the court below or that the courts inclusion of 
 the IRA as marital property was in any way challenged prior to this appeal.  
 This issue is, therefore, not properly before this Court. See Creech 
 v. South Carolina Wildlife & Marine Resources Dept, 328 S.C. 24, 33-34, 
 491 S.E.2d 571, 576 (1997) (holding that an issue cannot be raised for the first 
 time on appeal, but must have been raised to and ruled upon by the trial court 
 to be preserved for appellate review); see also IOn, L.L.C. 
 v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (opining 
 that error preservation requirements are intended to enable the lower court 
 to rule properly after it has considered all relevant facts, law, and arguments).
CONCLUSION
Husband and Wife have 
 both failed to preserve these arguments for appeal or have failed to present 
 sufficient proof to warrant disturbing the family courts valuation and distribution 
 of marital property.  Accordingly, the decision of the family court is
 AFFIRMED.
GOOLSBY and ANDERSON, JJ., and CURETON, AJ., 
 concur.

 
 
 [1]   Due to the quality of the photocopy, the date on the account is 
 not entirely clear.  However, it appears June 30, 2000, is the actual date 
 based on the facts set forth in Wifes brief.  

 
 
 [2]    The family court awarded a total of $3,337.76 for repair and maintenance 
 expenses incurred in connection with the sale of the house.