THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rebecca J. Waters,       
Respondent,
 
 
 

v.

 
 
 
Sheldon K. Waters,       
Appellant.
 
 
 

Appeal From Greenville County
R. Kinard Johnson, Jr., Family Court 
 Judge

Unpublished Opinion No. 2005-UP-102
Submitted January 1, 2005  Filed February 10, 2005 

AFFIRMED in part, REVERSED in part, 
 and REMANDED

 
 
 
Jeffrey Falkner Wilkes, of Greenville, for Appellant.
Catherine E. Fairey and O. Doyle Martin, both of Greenville 
 for Respondent.
 
 
 

PER CURIAM:  In this divorce case, Shelden 
 K. Waters (Husband) appeals from the family courts order requiring him to pay 
 child support past his minor childs age of majority, imputing income to him 
 under the child support guidelines, equitably dividing marital debt, and awarding 
 attorneys fees to Rebecca J. Waters (Wife).  We affirm in part and reverse 
 in part and remand.1  
FACTS
Husband and Wife were married for twenty-nine 
 years.  The couple lived in Michigan during the first part of their marriage.  
 Husband worked at the same job for eighteen years and was the primary wage earner.  
 Wife stayed home and cared for the couples four children.  Tragically, the 
 couples daughter, Olivia, died in the collapse of a stroller when she was five 
 years old.  A lawsuit followed with a judgment of $335,000.  The parties used 
 part of the money to set up a trust fund of $30,000 each for their remaining 
 three children of whom Adam was the youngest child with the provision the funds 
 would be available at age eighteen.  Following the accident, Husband was extremely 
 depressed.  Wife convinced Husband to move to South Carolina despite his reservations 
 about finding commensurate employment.  Husband had difficulty obtaining employment 
 at the same pay level he enjoyed in Michigan and although both parties had difficulty 
 dealing with the death of their daughter, Husband continued to support the family 
 after moving to South Carolina.  
Despite their attempt to start over, 
 Husband and Wife continued to experience marital difficulties after moving.  
 The couple eventually separated and Wife filed for divorce on the ground of 
 physical cruelty and sought custody, child support, equitable apportionment 
 of the marital property, and attorneys fees.  Following the separation, Adam, 
 the parties only minor child, experienced significant problems.  Adam was arrested 
 several times, assaulted his mother, and was hospitalized following an overdose 
 of alcohol and medication.  At the time of the trial, Adam was seventeen years 
 old and not currently enrolled in high school.  Wife testified she hoped Adam 
 would complete his education and she had made arrangements for Adam to attend 
 adult education classes.  Wife asserted she would only consent to Adam remaining 
 in her home if he was in school and working.  
Notwithstanding Adams behavioral difficulties, 
 Wife sought custody of him.  Additionally, she sought an increase of child support 
 and continuation of child support for one year after Adam reached majority to 
 allow him to complete his education.  At the time of the hearing, Wife was employed 
 as a bookkeeper and earned $43,548 annually.  Although Wife testified Husband 
 was a very hard worker and supported the family throughout the marriage, Husband 
 lost his job due to layoffs shortly before the final hearing.  Husband had earned 
 more than $42,000 per year and was actively seeking employment, but his only 
 income at the time of the hearing was unemployment compensation at the rate 
 of $1,204 per month.  Because Husband was not employed at his full earning potential, 
 Wife sought to impute income to Husband to increase his support obligation under 
 the child support guidelines.  
By order dated April 22, 2002, the family 
 court granted the parties a divorce based upon one years continuous separation.  
 Although insufficient to support a finding of physical cruelty as the ground 
 for divorce, the family court also found there was a history of emotional, verbal 
 and physical abuse by Husband.  The family court found Husbands underemployment 
 was voluntary and imputed income to him in the amount of $10.00 per hour.  Husband 
 was ordered to pay child support until Adam graduated from high school or reached 
 age nineteen.  The family court apportioned the marital estate equally between 
 the parties.  Although disputed by Husband, the family court found Wifes credit 
 card debt was incurred for the benefit of both parties and their children.  
 Therefore, the marital estate included the credit card debt.  The family court 
 also ordered Husband to pay $10,000 of Wifes attorneys fees and costs.  Husband 
 appeals.    
STANDARD OF REVIEW
On appeal from the family court, this court has 
 the authority to find the facts in accordance with its own view of the preponderance 
 of the evidence. Rutherford v. Rutherford, 307 S.C. 199, 204, 
 414 S.E.2d 157, 160 (1992). We are not, however, required to disregard the findings 
 of the family court, which saw and heard the witnesses and was in a better position 
 to evaluate their credibility and assign comparative weight to their testimony. 
 Haselden v. Haselden, 347 S.C. 48, 58, 552 S.E.2d 329, 334 (Ct. 
 App. 2001); Wilson v. Walker, 340 S.C. 531, 537, 532 S.E.2d 19, 
 22 (Ct. App. 2000).

 LAW/ANALYSIS
1.  Child Support
Husband argues the family court erred 
 by ordering him to pay child support past Adams age of majority.  Specifically, 
 Husband asserts the evidence was insufficient to allow post-majority support 
 because Adam was not making any attempt to complete high school at the time 
 of the final hearing.  We agree.
The family court has authority: 

To make all orders for support run until further order of 
 the court, except that orders for child support run until the child is eighteen 
 years of age or until the child is married or becomes self‑supporting, 
 as determined by the court, whichever occurs first or to provide for child support 
 past the age of eighteen years if the child is in high school and is making 
 satisfactory progress toward completion of high school, not to exceed the nineteenth 
 birthday unless exceptional circumstances are found to exist or unless there 
 is a preexisting agreement or order to provide for child support past the age 
 of eighteen years; and in the discretion of the court, to provide for child 
 support past age eighteen where there are physical or mental disabilities of 
 the child or other exceptional circumstances that warrant the continuation of 
 child support beyond age eighteen for as long as the physical or mental disabilities 
 or exceptional circumstances continue. 

S.C. Code Ann. § 20-7-420(17) (Supp.2004).  In addition, child support awards 
 are addressed to the sound discretion of the family court and, absent an abuse 
 of discretion, will not be disturbed on appeal.  Mitchell v. Mitchell, 
 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984). Abuse of discretion occurs when 
 the court is controlled by an error of law, or where the order, based upon findings 
 of fact, has no evidentiary support.  Kelley v. Kelley, 324 S.C. 481, 
 485, 477 S.E.2d 727, 729 (Ct. App. 1996).
In the instant case, the family court ordered Husband to pay child 
 support for Adam until he graduates from high school or reaches the age of 
 nineteen, whichever occurs first.  No evidence suggests Adam was making satisfactory 
 progress toward completion of high school as required by section 20-7-420(17).  
 Adam spent little time in Wifes home and Wifes testimony was speculative at 
 best.  Wife offered no direct evidence Adam was attending high school; she only 
 expressed her hope Adam would complete high school and asserted she was making 
 arrangements for him to attend adult education.  In addition to revealing Adam 
 was not complying with the statutes mandate, the record clearly reveals the 
 parties provided Adam with his own resources to help offset school expenses.  
 Upon reaching age eighteen, Adam would become entitled to the corpus of his 
 $30,000 trust fund.  Therefore, we find the family court erred in ordering Husband 
 to continue paying child support past Adams age of majority.  
2.  Imputation of Income
Husband next argues the 
 family court erred in its calculation of child support under the South Carolina 
 child support guidelines.  Husband asserts the family court incorrectly imputed 
 $10 per hour to him without sufficient evidence Husbands failure to reach his 
 full earning potential was voluntary.  We agree.
Under the child support 
 guidelines, income is defined as actual gross income of the parent, if employed 
 to full capacity, or potential income if unemployed or underemployed.  27 S.C. 
 Code Ann. Regs. 114-4720(A) (Supp. 2004).  Regarding the imputation of income, 
 the guidelines provide:  

If the court finds that a parent is voluntarily unemployed 
 or underemployed, it should calculate child support based on a determination 
 of potential income which would otherwise ordinarily be available to the parent. 
 . . .
(b) In order to impute income to a parent who is unemployed 
 or underemployed, the court should determine the employment potential and probable 
 earnings level of the parent based on that parents recent work history, occupational 
 qualifications, and prevailing job opportunities and earning levels in the community.

27 S.C. Code Ann. Regs 114-4720(A)(5) (Supp. 2004).  Additionally, 
 [w]hen the court orders a child support award that varies significantly from 
 the amount resulting from the application of the guidelines, the court shall 
 make specific, written findings of those facts upon which it bases its conclusion 
 supporting that award.  27 S.C. Code Ann. Regs 114-4710(A)(1) (Supp. 2004).  
 The failure to reach earning capacity by itself, does not automatically equate 
 to voluntary underemployment such that income must be imputed.  Kelley v. 
 Kelley, 324 S.C. 481, 488-89, 477 S.E.2d 727, 731 (Ct. App. 1996).  Instead, 
 when actual income versus earning capacity is at issue, the court should closely 
 examine the payors good faith and reasonable explanation for the decreased 
 income.  Id. at 489, 477 S.E.2d at 731.  
Here, no evidence indicates Husbands loss of his 
 prior job resulted from wrongdoing or was motivated by a desire to avoid his 
 support obligation.  Husband worked at the same job in Michigan for over eighteen 
 years and moved to South Carolina only at his Wifes insistence.  Although Husband 
 had difficulty finding comparable employment in South Carolina, he was the primary 
 wage earner throughout the marriage.  Wife admitted Husband was a very hard 
 worker and always provided for the family.  Moreover, Husband did not voluntarily 
 leave his job but was dismissed due to company lay offs.  He was still receiving 
 unemployment benefits at the time of trial and was actively seeking employment.  
 Thus, the family court erred in its determination Husband was voluntarily underemployed.  
 Husband had a good faith and reasonable explanation for his underemployment; 
 therefore, the family court should not have imputed income to him and should 
 have based his child support obligation on his actual income. 
3.  Equitable Apportionment of Marital Debt
Husband next argues the family court erred in its 
 apportionment of Wifes credit card debt.  We disagree.
Marital property is defined as all real and personal property 
 which has been acquired by the parties during the marriage and which is owned 
 as of the date of filing or commencement of marital litigation . . . . S.C. 
 Code Ann. § 20-7-473 (Supp.2004).  In making an equitable apportionment, the 
 family court should consider . . . any other existing debts incurred by the 
 parties or either of them during the course of the marriage[.] S.C. Code Ann. 
 § 20-7-472(13) (Supp. 2004). [S]ection 20-7-472 creates a [rebuttable] presumption 
 that a debt either spouse incurred prior to marital litigation is a marital 
 debt and must be factored in the totality of equitable apportionment.  Hardy 
 v. Hardy, 311 S.C. 433, 436, 429 S.E.2d 811, 813 (Ct. App. 1993).  
 Because Hardy establishes a presumption in favor of treating a debt 
 as marital when it is incurred prior to marital litigation, the party claiming 
 the debt is nonmarital bears the burden to overcome that presumption.  Wooten 
 v. Wooten, 358 S.C. 54, 60, 594 S.E.2d 854, 857 (Ct. App. 2003).  
The family court effectuated a fifty-fifty division of the 
 marital estate and ordered Husband to pay $9,000 of credit card debt.  Although 
 Wife accrued the credit card debt prior to initiating the marital litigation, 
 Husband contends she ran up the debt in contemplation of divorce.  He argues 
 the debt should be treated like an asset secreted or disposed of in contemplation 
 of divorce and its value assessed against Wifes share of the marital estate.  
 See Cooksey v. Cooksey, 280 S.C. 347, 352, 312 S.E.2d 581, 585 
 (Ct. App. 1984).  However, Husband offered no evidence to substantiate this 
 claim, and therefore, did not overcome the presumption the debt was incurred 
 for the benefit of the marriage.  We find no abuse of discretion in the equitable 
 apportionment of the marital debt.  
4. Attorneys Fees
Husband argues the court erred in awarding attorneys 
 fees to Wife.  We agree and remand for adjustment of award after child support 
 changes.
One of the factors to be considered in awarding 
 reasonable attorneys fees and cost is the beneficial results obtained.  Glasscock 
 v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  As we have 
 found in favor of the Husband on several of his issues, we remand the issue 
 of attorneys fees to the family court for any adjustments it determines are 
 necessary in light of our opinion.
CONCLUSION
We find the family court erred in ordering Husband 
 to pay child support past Adams age of majority because he was not making satisfactory 
 progress toward the completion of high school.  We affirm the equitable apportionment 
 of marital debt.  We reverse the imputation of income to the Husband and the 
 order for the Husband to pay child support past Adams age of majority.  We 
 remand to the family court for the recalculation of child support.  In addition, 
 we remand the issue of attorneys fees to the family court for redetermination.  
 Accordingly, the order of the family court is 
AFFIRMED in part, and REVERSED in part, and REMANDED.  

HUFF, KITTREDGE, and BEATTY, JJ., concur.     

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.