THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ann Roschy, Appellant,
 v.
 Rob Roschy, Respondent.
 
 
 

Appeal From Horry County
 H.E. Bonnoitt, Jr., Family Court Judge

Unpublished Opinion No. 2009-UP-151
 Submitted March 2, 2009  Filed March 30,
2009    

AFFIRMED

 
 
 
 Ann Roschy, of Conway, as Appellant, acting pro se.
 Rob Roschy, of Nashville Tennessee, as Respondent, acting pro se.
 
 
 

PER CURIAM:  Ann Roschy (Wife) appeals the family
 courts final order equitably dividing marital assets and debts, ordering
 alimony and contributions for child care expenses, and denying Wifes request
 to resume use of her maiden name.  She argues the family court erred in:  1) finding
 a $66,500 bank loan obtained to pay her criminal restitution was a moral debt
 and not a marital debt, 2) holding her solely responsible for payment of debt
 from a Dell computer account, 3) failing to grant her a credit for the
 after-school care of her children, 4) denying her request for name change due
 to a criminal conviction, 5) ordering her to pay $137.75 a month to supplement
 the mortgage payment on the marital home, 6) failing to grant her a credit for
 the medical expenses of her son, and 7) failing to recalculate Rob Roschys
 (Husband) child support payments after he disclosed he received income of the
 form of employment bonuses.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities:
1. 
 As to Wifes arguments that the trial court erred in: (1) ordering her to pay
 $137.75 a month to supplement the mortgage payment on the marital home, (2)
 failing to grant her a credit for the medical expenses of her son, and (3) failing
 to recalculate Husbands child support payments after he disclosed he received
 income of the form of employment bonuses: McDavid v. McDavid, 333 S.C.
 490, 497, 511 S.E.2d 365, 368-69 (1999) (holding any matter not raised and
 ruled upon by the family court cannot be considered by this court on appeal).     
2. 
 As to Wifes argument that the trial court erred in finding a $66,500 bank loan
 obtained to pay her criminal restitution was a moral debt and not a marital
 debt:  Wooten v. Wooten, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) (For
 purposes of equitable distribution, a marital debt is debt incurred for the
 joint benefit of the parties regardless of whether the parties are legally
 liable or whether one party is individually liable.).   
3.  As
 to Wifes argument that the trial court erred in holding her solely responsible
 for payment of debt from a Dell computer account: Hardy v. Hardy, 311
 S.C. 433, 437, 429 S.E.2d 811, 814 (Ct. App. 1993) (holding if the family court
 finds that a spouses debt was not made for marital purposes, it may not be
 factored in the courts equitable apportionment of the marital estate and the family
 court may require payment by the spouse who created the debt for non-marital purposes).
4.  As to Wifes
 argument that the trial court erred in failing to grant her a credit for the
 after-school care of her children: Engle v. Engle, 343 S.C. 444, 448 539
 S.E.2d 712, 714 (Ct. App. 2000) (Child support awards are addressed to the sound
 discretion of the trial judge and, absent an abuse of discretion, will not be
 disturbed on appeal.).
5.  As to Wifes
 argument that the trial court erred in denying her request for name change due
 to a criminal conviction:  S.C. Ann. § 15-49-20(c) (Supp. 2008) (Following the
 hearing and upon considering the petition, the reason contained in the
 petition, and other documentation before the court, the judge must determine
 and grant or refuse the name change as the judge considers proper, having a due
 regard to the true interest of the petitioner and protection of the public.);
 S.C. Ann. § 15-49-20(j) (Supp. 2008) (giving the family court discretion to
 authorize a name change for a person wishing to resume her maiden name). 

AFFIRMED.[1]
HEARN,
C.J., PIEPER and LOCKEMY, concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.