THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Todd N.
 Bernson, Appellant/Respondent
 
 
 

v.

 
 
 
 Sarah M.
 Bernson, Respondent/Appellant
 
 
 

Appeal From Greenville County
Letitia H. Verdin, Family Court Judge

Unpublished Opinion No.  2012-UP-329  
Heard April 10, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 J. Falkner Wilkes, for Appellant/Respondent.
 David A. Wilson and Christine Marie Howard, of Greenville, for
 Respondent/Appellant.
 
 
 

PER CURIAM: This
 is a cross-appeal of a divorce and custody decree.  Todd N. Bernson (Husband)
 appeals the award of custody to Sarah M. Bernson (Wife), the visitation awarded
 to him, and the allocation of several debts to him.  Wife cross-appeals,
 arguing the family court erred in refusing to award her attorney's fees and
 costs and in finding she agreed not to relocate with the parties' child outside
 the State of South Carolina without Husband's consent.  We affirm.
1. Husband argued
 the family court erred in granting custody of the parties' child to Wife and
 insufficient visitation to him.  During oral argument before this court,
 however, his attorney stated that Husband's only dissatisfaction with the
 custody and visitation terms was the possibility that Wife could relocate with
 the child outside the State of South Carolina.  In any event, we hold the
 family court acted within its discretion in awarding custody to Wife and in
 setting the visitation terms.  See Woodall v. Woodall, 322 S.C.
 7, 12, 471 S.E.2d 154, 158 (1996) ("As with child custody, the issue of
 child visitation falls within the discretion of the trial judge, and his
 findings will not be disturbed absent an abuse of discretion.").  
The court
 acknowledged Wife's substance abuse problems, but also found she made
 commendable efforts to overcome them, as evidenced by drug tests showing she
 had been drug free for at least two years and her enrollment in a therapy and
 education program.  See Bramlett
 v. Davis, 289 S.C. 85, 87-88, 344 S.E.2d 867, 868-69 (Ct. App. 1986)
 (holding mother's seeking of successful treatment and counseling for her
 previous drug abuse problems was a change of circumstance supporting the
 transfer of custody from the child's paternal grandparents to her).  These findings were supported by the
 guardian ad litem and an employee at the facility where Wife
 sought treatment.  In addition, the record supports the family court's findings
 that Husband had not yet addressed issues raised in a mental health evaluation
 and that Wife was more likely than Husband to promote the child's relationship
 with the other party.  See Peeples v. Peeples, 270 S.C. 116, 117, 241
 S.E.2d 159, 159 (1978) (noting the appellant's emotional instability as a
 factor supporting the custody award to the respondent).  As to Husband's complaint that the
 family court erroneously allowed him only "minimal visitation," we
 note Husband provided no argument or supporting legal authority.  Furthermore,
 he was granted four weeks of visitation in the summer, and the family court advised
 the parties they could agree on additional visitation beyond what the court
 specified in the divorce decree.
2. We decline to
 address Husband's argument that the family court should not have included as
 marital debts various expenses that Wife allegedly incurred as a result of her
 substance abuse problems and could have been set aside in a bankruptcy action. 
 The family court did not rule on the argument that the disputed debts could
 have been set aside in bankruptcy, and Husband did not raise this issue in his
 motion to alter or amend.  See Chastain v. Hiltabidle, 381 S.C.
 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to
 but not ruled upon by the trial court, the issue is preserved for appeal only
 if the party raises the same issue in a Rule 59(e) motion.").  As to
 Husband's contention that it was unfair to make him responsible for these debts
 because they resulted from Wife's misconduct, Husband did not present evidence
 linking the obligations to Wife's misuse of prescription drugs.  Furthermore, it
 was agreed during oral argument that regardless of their origin, the bills were
 marital debts.  Given these circumstances, we find no abuse of discretion by
 the family court in assigning Husband responsibility for these debts.  See Lewis v. Lewis, 392 S.C. 281, 284-85, 709 S.E.2d 650, 651 (2011)
 (stating an equitable division award should be reversed only when the appellant
 shows an abuse of discretion by the family court); Hardy v. Hardy, 311
 S.C. 433, 437, 429 S.E.2d 811, 814 (Ct. App. 1993) ("[B]asically[,] the
 same rules of fairness and equity which apply to the equitable division of
 marital property also apply to the division of marital debts.").
3. Husband argues
 he should not have been ordered to pay a credit card debt owed to Rooms-To-Go
 for furniture that Wife sold while the case was pending in the family court,
 particularly in view of his allegations that Wife kept the sales proceeds and
 did not pay anything toward the debt.  Husband asserted during the trial that
 Wife admitted to him she sold the furniture.  Husband, however, was
 unable to direct this court to any such admission by Wife on the record or
 other evidence to document this assertion.  We therefore decline to find the
 family court committed reversible error in assigning responsibility for this
 debt to Husband.  See Patel v. Patel, 359 S.C. 515, 523, 599 S.E.2d
 114, 118 (2004) (stating an appellate court's broad scope of review in a
 domestic relations matter "does not relieve the appealing party of the
 burden of showing the family court committed error").  
4. Wife contends the family
 court erred in denying her request for attorney's fees and costs, arguing the
 family court's analysis of the factors set forth in E.D.M. v. T.A.M.,
 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992), was flawed.  We disagree.  The
 family court acted within its discretion in denying both parties' requests for
 attorney's fees and costs.  See Stevenson v. Stevenson, 295 S.C.
 412, 415, 368 S.E.2d 901, 903 (1988) (stating the family court has the
 discretion to decide whether or not to grant a party's request for attorney's
 fees).  In its supplemental order, the family court stated it took into account
 the parties' ability to pay an attorney's fee award and determined that after
 including child support obligations and other financial responsibilities of the
 parties, they would have similar ability to pay their own attorney's fees and
 the guardian ad litem fees.  Although, as Wife argued in her brief, Husband may
 be in a better financial condition than she is, by her own admission she was
 voluntarily underemployed when the case went to trial.  The family court also
 considered that each party prevailed on some issues but not on others. 
 Although we may differ with the family court's consideration of the fact that
 Husband received temporary custody of the child, there appears to be no dispute
 that the custody issue was close and the change in custody between the temporary
 and final hearings attest to this point.  
5. Wife takes issue with a
 finding in the family court's supplemental order issued after the hearing on
 the parties' cross-motions to alter or amend that she agreed not to move the
 child out of state without Husband's consent.  Wife argues she only agreed to
 Husband's request that he be given sufficient advance notice of her intent to
 move if, in the future, she decided to relocate with the child.  Wife expressed
 concern that the finding in the supplemental order would prevent the family
 court from ever allowing her to relocate with the child unless Husband agreed
 to the move.  We find no error.  In the divorce decree, the family court an
 order prepared by Family Court Judge Alvin D. Johnson, with the exception that
 Husband would have four weeks of visitation in the summer instead of three weeks. 
 Among the terms in Judge Johnson's order is the provision that if the custodial
 parent moves greater than fifteen miles from the location at which the child is
 to be picked up for visits, she must still have the child at that location
 until written agreement for another location is obtained or the family court
 orders otherwise.  Under the terms of the divorce decree, as well as South
 Carolina law, Wife may, without Husband's consent, move with the child outside
 the State of South Carolina if she obtains an order from the family court
 allowing the relocation.  See S.C. Code Ann. § 63-3-530(A)(25) (2010)
 ("The family court has exclusive jurisdiction . . . to modify or vacate
 any order issued by the court.").   
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.