**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Barry Stanley, Appellant,

v.

Sherl Anne Stanley, Respondent.

Appellate Case No. 2012-212060

---

Appeal From Kershaw County
Dana A. Morris, Family Court Judge

---

Unpublished Opinion No. 2013-UP-418
Submitted October 1, 2013 – Filed November 13, 2013

---

**AFFIRMED**

---

John W. Wells, of Baxley, Pratt & Wells, P.A., of Lugoff, for Appellant.

Sherl Anne Stanley, of Cassatt, pro se.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in failing to include the home located on Hagood Street in the marital estate for purposes of equitable distribution: *Jamar v.*

*Jamar*, 308 S.C. 265, 267, 417 S.E.2d 615, 616 (Ct. App. 1992) ("The proper date to value marital property is the time the marital litigation is filed or commenced."); *Arnal v. Arnal*, 363 S.C. 268, 293, 609 S.E.2d 821, 834 (Ct. App. 2005) ("[H]owever, both parties are entitled to share in any appreciation or depreciation that occurs to marital property after separation but before divorce."), *cert. granted on other grounds*, 371 S.C. 10, 636 S.E.2d 864 (2006); *Dixon v. Dixon*, 334 S.C. 222, 228, 512 S.E.2d 539, 542 (Ct. App. 1999) ("It is an unfortunate reality that, given the volume of cases handled by our family courts, there often is a substantial delay between the commencement of an action and its ultimate resolution."); *id.* ("Thus, it is not unusual for the value of the marital assets to change, sometimes substantially, between the time the action was commenced and its final resolution."); *id.* ("In such a case, the family court has the ability to consider the post-filing appreciation or depreciation when valuing and apportioning the marital estate."); *Brown v. Brown*, 379 S.C. 271, 282, 665 S.E.2d 174, 180 (Ct. App. 2008) (finding both parties were at fault in allowing a timeshare to fall into foreclosure and holding the family court erred in assessing the value of the timeshare solely against the husband).

2. As to whether the family court erred in failing to value the equity of the home located on Hagood Street as of the date of filing rather than the date of the final hearing: *Jamar*, 308 S.C. at 267, 417 S.E.2d at 616 ("The proper date to value marital property is the time the marital litigation is filed or commenced."); *Arnal*, 363 S.C. at 293, 609 S.E.2d at 834 ("[H]owever, both parties are entitled to share in any appreciation or depreciation that occurs to marital property after separation but before divorce."); *Dixon*, 334 S.C. at 228, 512 S.E.2d at 542 ("It is an unfortunate reality that, given the volume of cases handled by our family courts, there often is a substantial delay between the commencement of an action and its ultimate resolution."); *id.* ("Thus, it is not unusual for the value of the marital assets to change, sometimes substantially, between the time the action was commenced and its final resolution."); *id.* ("In such a case, the family court has the ability to consider the post-filing appreciation or depreciation when valuing and apportioning the marital estate."); *Brown*, 379 S.C. at 282, 665 S.E.2d at 180 ("[W]hen one party is at fault in causing the diminishment in value of the property, that depreciation may be assessed against the at-fault party."); *McDavid v. McDavid*, 333 S.C. 490, 495, 511 S.E.2d 365, 367 (1999) ("[C]ourts have generally held one spouse chargeable only where he/she acts in bad faith with an intent to deprive the other spouse of marital assets."); *Panhorst v. Panhorst*, 301 S.C. 100, 105, 390 S.E.2d 376, 379 (Ct. App. 1990) ("The [equitable distribution] statute embodies the [l]egislature's decision that the marital estate must be

identified as of a fixed date."); *id.* ("By requiring the estate to be identified as of the date marital litigation is filed, the [l]egislature has elected to foreclose the spouses from litigating every expenditure or transfer of property during the marriage.").

3.  As to whether the family court erred in failing to value the equity of the home located on Alice Drive as of the date of filing rather than the date of the final hearing:  *Buist v. Buist*, 399 S.C. 110, 124, 730 S.E.2d 879, 886 (Ct. App. 2012) ("In order to preserve an issue for appeal, it must be raised to and ruled upon by the [family] court."); *McDavid*, 333 S.C. at 497, 511 S.E.2d at 368-69 (finding the husband's argument that the family court erred in valuing the marital home at the time of filing rather than the time of the final hearing was not preserved because the husband did not raise that issue in his rehearing petition).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.