**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marvin Luther Brown, Respondent,

v.

Kimberly D. Brown, Appellant.

Appellate Case No. 2020-000918

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

Unpublished Opinion No. 2022-UP-378
Submitted September 22, 2022 – Filed October 12, 2022

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

**PER CURIAM:** Kimberly D. Brown (Wife) appeals a final order of divorce. On appeal, she argues the family court erred by denying her request for alimony and failing to equitably divide the marital assets and debts. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err by denying Wife's request for alimony. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate

courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings.") *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."). Although Wife contends she showed evidence of physical cruelty and adultery prior to the parties' separation, we find Wife failed to establish evidence of either. *See Butler v. Butler*, 385 S.C. 328, 338-39, 684 S.E.2d 191, 196 (Ct. App. 2009) ("Per statute, the complete list of factors the family court can consider in setting alimony include: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses and needs of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; as well as other factors the court considers relevant."). Further, although the parties cohabitated prior to their marriage, the statutory factors contemplate consideration of the duration of the marriage, not the full duration of the parties' relationship. Moreover, although Wife has demonstrated her current and reasonably anticipated earnings are less than her current and reasonably anticipated expenses, that alone is not dispositive of whether a spouse is entitled to alimony. *See Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001) (stating that in considering the alimony factors, "[n]o one factor is dispositive."). Because Wife failed to show a preponderance of the evidence was against the family court's findings, we affirm.

We hold the family court did not fail to equitably divide the marital assets and debts. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings.") *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."). As to whether the family court erred in its $0 valuation of the 2005 Chevy, we hold it did not. Husband testified he purchased the vehicle for $7,346.50 in July 2018, it had 275,000 miles on it, and that at the time of separation in March 2019, he estimated its value was approximately $2,500 but he still owed $3,000; Wife admitted during the hearing that her thirteen-thousand-dollar valuation of the vehicle was without evidentiary support. As to whether the family court erred in its valuation of the lawnmowers, we hold it did not. Although Wife contends the lawnmowers were not valued

properly because Husband had valued them at $7,000 and $1,000 in his April 2019 financial declaration, at the February 2020 hearing, Husband testified the zero-turn lawnmower was valued at approximately $4,000, he provided an Ebay listing for a similar model that was listed for $4,995, and Wife provided no evidence of its value. Husband testified the other lawnmower was worth $0, and Wife provided no evidence of its value. As to whether the family court erred by ordering Wife to pay the debts in her name, we find Wife failed to establish that the debt was marital. *See Pruitt v. Pruitt*, 389 S.C. 250, 265, 697 S.E.2d 702, 710 (Ct. App. 2010) ("For purposes of equitable distribution, 'marital debt' is debt incurred for the joint benefit of the parties regardless of whether the parties are legally jointly liable for the debt or whether one party is legally individually liable." (quoting *Hardy v. Hardy*, 311 S.C. 433, 436-37, 429 S.E.2d 811, 813 (Ct. App. 1993))); *id.* ("When the debt is incurred before marital litigation begins, the burden of proving a spouse's debt is non-marital rests on the party making that assertion. When a debt is incurred after the commencement of litigation but before the final divorce decree, the family court may equitably apportion it as a marital debt when it is shown the debt was incurred for the joint benefit of the parties during the marriage. Under these circumstances, the burden of proving the debt is marital rests on the party making that assertion." (citations omitted)). Wife did not testify as to how or when the debt was incurred; thus, she has failed to establish a basis for dividing up the debts in her name amongst her and Husband. Because Wife failed to show a preponderance of the evidence was against the family court's findings, we affirm.

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.